NEW YORK,
October, 1814.

WATTS *against* COFFIN.

WATTS
v.
COFFIN.

THIS was an action of covenant for the non-payment of rent reserved on a lease, in fee, of certain lands in the city of *Hudson*, from *John Van Rensselaer*, deceased, to *Jacob Herder*, deceased, dated the 18th of *December*, 1773. The cause was tried before the late *Chief Justice*, at the *Columbia* circuit, in *October*, 1813.

The grantor had covenanted in the lease, for himself, his heirs, and assigns, with the grantor, his heirs, executors, administrators, and assigns, to pay, as a yearly rent, for the said *granted lands and premises*, the yearly tenth part of all the produce thereof, to the grantor, his heirs, &c. on the 1st of *February*, every year, during the continuance of the grant; the same to be delivered to the grantor, &c ; as also four fat hens, yearly, during the continuance of the grant. The lease also contained a covenant by the grantor, for himself, his heirs, and assigns, with the grantee, his heirs and assigns, that the latter should, " during the continuance of the grant, have reasonable estovers out of the woods of that part of the manor of *Rensselaerwick*, called *Claverack*, for building, fencing, and fuel, to be employed to and for the use of the aforesaid granted land and premises, and the reparation thereof, and not otherwise. And that the grantee, &c. should, during the continuance of the grant, have common of pasture, in that part of the manor of *Rensselaerwick*, called *Claverack*, for all beasts commonable, and not otherwise."

The plaintiff was the assignee, by virtue of several mesne conveyances, of the original grantor, and the defendant was assignee, by virtue of sundry mesne assignments, of about one third part of the premises contained in the lease, and had occupied the same for a number of years previous to the bringing of the suit, and the rent for the same, for several years, was due and unpaid. The defendant proved, that at the time of bringing the suit, and for a long time before, and during the life of the original grantee, all the lands in the patent of *Rensselaer* had been leased out by the landlord, and that there was no common of *estovers* or pasture in the manor of *Rensselaerwick*.

If, in any case, the rent becomes suspended by the grantor's *approving*; Quære?

A breach of a covenant on the part of the lessor does not excuse from payment of rent; but to produce a suspension or apportionment of the rent, there should be an eviction of the whole, or a part of the thing demised. Land was leased in fee ; the grantee covenanted to pay rent; and the grantor covenanted that the grantee should have common of *estovers* and pasture, out of other lands of the grantor : the grantee approved those lands, whereby the grantee was prevented from enjoying the common. In an action by the assignee of the grantor to recover the rent, it was held, that the covenant that the grantee should have common did not operate as a *grant*, but as a covenant, and that the common made no part of the premises granted, and on which rent was reserved ; consequently, that the grantor's approving, did not furnish a defence in an action for the rent. The grantee's remedy in such case, is by action on the covenant.

NEW YORK,   A verdict was taken for the plaintiff generally, subject to the
October, 1814. opinion of the court, with liberty to either party to turn the
WATTS       case into a special verdict; and, in case judgment should be
v.          given for the plaintiff, the damages were to be assessed by a
COFFIN.     jury of inquiry.

  *E. Williams*, for the plaintiff. The only question is, whether
the defendant can avail himself of the covenant of the ori-
ginal lessor, as to common of *estovers* and pasture, in bar of the
action for rent. If a stranger enter on the commons, the lessee
may bring trespass against him. If the lessor enters or destroys
the whole, the whole rent is suspended; but if on a part only,
the rent is apportioned. Or if all the commons which are ap-
purtenant are taken away, the tenant may have a remedy by
abatement; but if the right of common is merely abridged, the
tenant may have an action on the case, or an assize. The
common of which a tenant may be deprived, may, in value,
bear no proportion to the amount of the rent; and the doctrine
of a suspension, or an extinguishment of the whole rent, does
not apply to this case. The distinctions on the subject are well
understood in *England,* and laid down in the books.*

  Besides, this is merely a covenant, and not a grant of any
estate or interest out of which rent can issue.

  *Van Buren*, contra. The tenant having been deprived of his
commonage, he may set it up in defence as a suspension of the
rent. If the court should be of opinion that we have a differ-
ent remedy, we shall be satisfied to take it.

  This covenant as to common of estovers and pasture, runs
with the land, and binds the assignees, though not named.†

  It is laid down in *Bacon,*‡ that though there had been a va-
riety of opinions, whether if the lessor leases, or enters wrong-
fully into part, the entire rent should be suspended during such
lease or tortious entry, yet the better opinion was, and so was
the settled law at that day, that the tenant is discharged from
the whole rent, until he is restored to the whole possession,
that no man may be encouraged to injure or disturb his tenant.§
  Though the landlord may resort to common of *pasture* to dis-
train, yet he cannot distrain common of *estovers.*‖

*6 *Bac. Ab.*
49. (6 ed.) (M.)
*Woodfall's Te-
nant's Law,* (2d
ed.) 302, 303.
6 *Term Rep.*
478. 484. 585.
*Willes,* 157. 1
*Bac. Abr.* 616.
(*Common,* C.
D.) 1 *N. R. L.*
80.

† 5 *Co.* 16.
*Spencer's Case,*
*Cro. Car.* 137,
503. *Co Litt.*
365. a. 2 *P. N.*
*B.* 181. 3 *Wils.*
25.

‡ 6 *Bac. Abr.*
(6th ed.) 49.
*Rent,* (M. 1.)

§ *Co. Litt.*
148. b. *Vent.*
277.

‖ *Co. Litt.* 27.
a. Ib. 142. a.

*Common* is part of the premises for which the rent is reserved; if, therefore, the tenant is deprived of his common, the remedy afforded him is a suspension of the rent, until restored.

In *Rex* v. *Fox*,\* it is laid down that common appendant is incident to and part of the *farm*, and passes by a grant of the farm. So in *Groyder* v. *Foakes*,† *Grose*, J. says, he considered the right of common as part of the *land* to which it is appurtenant, and as necessarily implied under the word *farm;* and it was held, in that case, that by a grant of all tithes arising out of, or in respect of *farms, lands,* &c. the tithes arising out of, or in respect of rights of common appurtenant to such farms or lands, would pass.

In *The King* v. *Dersingham*,‡ it was held that a right of common in gross was a *tenement.*

Rent may be reserved and issue out of an *incorporeal* hereditament, and it may be reserved out of *tithes,* and rent goes with the reversion, and the assignee of the lessee is bound to pay it.§

The tenant pays his rent for the incorporeal as well as the corporeal hereditaments, and the deprivation of the one, as well as of the other, by the act of the landlord, ought equally to suspend the rent. The principle is the same.

It is no answer to say that this is a covenant for the right of common. It most clearly amounts to a grant; and must have all the operation and effect of a grant.

VAN NESS, J. delivered the opinion of the court. Several points have been raised and discussed in the argument, upon which it is unnecessary to express any opinion. Whether the covenant relating to the common of estovers and pasture, runs with the land, and binds the assignee of the rent; whether if the landlord *approves*, or encloses a part or the whole of the commons, the rent thereby becomes suspended ; whether a rent, strictly speaking, can be reserved upon a demise of an incorporeal hereditament, are all questions which it is not requisite to decide, in this case. The right of common, of which the defendant complains she has been deprived, forms no part of the premises granted to *Harder*, under whom she claims; neither is the rent reserved upon the right of common, but is, on the contrary, expressly upon the "lands granted;" being the yearly tenth part of all the produce "thereof."

*Margin notes:*
NEW YORK, October, 1814.
WATTS v. COFFIN.
\* 1 Salk. 169.
† 7 Term Rep. 611. 651.
‡ 7 Term Rep. 671.
§ 1 Ld. Raym. 77. Cro. Jac. 111. Cro. Car. 137 2 Saund. 304. n. 12.

Considering the nature of the rent reserved by this convey- ance, it may well be questioned whether the covenant, in rela- tion to the right of commons, had any effect upon the amount agreed to be paid. In all the books in which it is said that an eviction by the landlord operates either a suspension or appor- tionment of the rent, (according to the nature and extent of the eviction,) it will be found that the eviction was of a part, or the whole of the premises demised ; and I take occasion here to observe, that I must not be understood as admitting that any of the cases referred to by the defendant's counsel are applicable to this case. The estate here granted being an estate in fee, the common of *estovers* and of pasture, mentioned in this cove- nant, are of that species which are denominated *appurtenant*, and not *appendant*, between which there are many essential dif- ferences. The former does not arise from any connexion of tenure, and may be created by grant, or claimed by prescrip- tion; whereas the latter can only arise from prescription. The question, then, is, whether the right of common, in this case, is to be considered as part of the thing granted by the deed to *Harder*, by virtue of which it is claimed, or as resting merely in covenant. Although the proper technical words of a grant are, " *dedi et concessi*," yet it is not to be disputed that other words manifesting that a grant was intended by the parties, will have the same effect, and this intention is to be collected from a careful consideration of the entire deed.

Whether, according to the fair construction of the covenant in question, the grantee acquired a right of common, after there should be no more waste and unappropriated land in the tract called *Claverack*, in consequence of the settlement and im- provement of the country, is a point which I do not intend to examine or decide; but I think it quite clear, looking at all the provisions in this conveyance, that the right of common con- stitutes no part of the premises granted by it. The words of the grant, the *habendum*, the reservation of, and the covenant to pay the rent, all refer to the lands described in, and granted by, the conveyance. From this, it is evident that when the parties intended, the one to make, and the other to receive, a grant, they adopted the apt and technical words to accomplish that purpose, according to their established and legal signification and effect. After these parts of the conveyance, comes the stipulation relative to the right of common, which, in its terms,

is not a grant, but strictly a covenant. The words here made use of, unlike those by which the lands are conveyed, are words of promise and agreement only, as distinguished from words of grant. *Quoties in verbis nulla est ambiguitas, ibi nulla expositio contra verba expressa fienda est.* The language of the deed, where a grant is intended. is, " grant. bargain, and sell," but when the grantor intends to bind himself by a covenant only, he uses words clearly evincing such intention.

If this covenant has been broken, the only remedy is by an action upon it against such persons as may, in judgment of law, be considered responsible for the consequences of a non-performance ; but as long as the tenant continues in the unmolested enjoyment of land granted, a violation of the covenant is no defence against an action for the recovery of the rent. The cases cited by the counsel for the defendant, in relation to this branch of the case, (and my researches have led me to the examination of several more,) all proceed upon the ground, that an eviction to produce suspension or apportionment of the rent, must be of a part, or of the whole of the thing demised, and upon which the rent is reserved ; and, as in this case the right of common is not to be considered as part of the grant, according to the legal import of that term, this defence cannot be sustained.

Judgment for the plaintiff.