LEWIS and LEWIS *vs.* PAYN.

Where a party after executing leases of portions of his farm to several tenants, granted the whole farm with the reversion of the demised premises to a tenant *in fee,* reserving an annual rent, and after such grant, entered upon the demised premises and distrained the good of the *original tenants* for the rent accrued subsequent to the grant of the whole estate, *it was held* that such entry and distress amounted to an *eviction* of the principal tenant, and worked a suspension of the rent.

Where a tenant is thus evicted the presumption of law is, that the he *continues* out of possession ; such presumption may, however, be rebutted by proof that he was subsequently restored to the possession.

Where the lessee enters wrongfully into *part* of the demised premises, the tenant is discharged from the payment of the *whole rent,* till he be restored to the *whole possession.*

*Riens in arrere* is the *general issue* to an avowry for rent ; and under it an *eviction* may be shewn.

A new trial will not be granted, where upon the question of the *fraudulent alteration* of a deed there is conflicting testimony and the evidence nearly balanced. The verdict of the jury in such case will not be disturbed.

THIS was an action of replevin, tried at the Rensselaer circuit in July, 1828, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The declaration was in the usual form for taking goods and chattels of the plaintiffs. The defendant put in two avowries, substantially alike, acknowledging the taking of the goods and chattles as a distress for six months rent in arrear, due 1st October, 1823, on a lease in fee of certain real estate, bearing date 1st April 1818, executed by him to the plaintiffs. The plaintiffs reply *non tenure* and *reins in arrere.*

On the trial the defendant proved a counterpart of a lease in fee of certain premises, executed by the defendant as lessor and the plaintiffs as lessees, bearing date 1st April, 1818, reserving an annual rent of $700, payable in equal portions on the first days of May and October in each year ; in which lease was a *reservation* of all rents *then due or thereafter to become due,* on certain leases before then granted to three individuals, viz. A. Van Buren, W. Bissell and B. Yale. By an indorsement on the lease dated 4th March, 1818, the four first payments of rent were each reduced $100, and by a subsequent indorsement, dated 7th June, 1821, it was

agreed that the deduction of $100 should continue to be made upon the accruing rent. The plaintiffs produced and proved the lease in their possession, which contained a *reservation* of the *rents due* on the leases to Van Buren and others, at the date of the lease to the plaintiffs, but *not of the rents thereafter to become due*. Witnesses were examined on both sides as to the state of the lease and counterpart at the time of the execution of the same, in reference to the *variance* in relation to the accruing rent and as to the subsequent acts and declarations of the parties on the same subject. The plaintiffs also proved that after the execution of the lease to the plaintiffs, the defendant distrained property upon the premises demised to Van Buren, Bissell and Yale, or some of them, for rent accrued upon those premises *subsequent* to the execution of the lease to the plaintiffs. This evidence was objected to as not amounting to an eviction; but if so, as inadmissible under the pleadings in the cause. It was received, subject to the opinion of this court.

The judge submitted to the jury the questions, whether the lease in Payn's possession had been *fraudulently altered*, and whether the defendant had distrained for rent accrued on the premises demised to Van Buren, Bissell and Yale, *subsequent* to the execution of the lease to the plaintiffs. The jury found both questions against the defendant, and a verdict was accordingly entered for the plaintiffs, subject to the opinion of the court.

*M. T. Reynolds*, for the defendant. The tenancy was clearly proved and the verdict ought to have been for the defendant. (2 Phil. Ev. 129.) The evidence of *eviction* was not admissible under the pleas put in by the plaintiffs. (2 Chitty's Pl. 633. 8 Cowen, 728. 4 id. 581.) It did not prove an eviction. (*Pendeleton* v. *Deyett*, 4 Cowen, 581.) The determination of the court for the correction of errors in the same case, when brought before them on a writ of error, (8 Cowen, 727,) does not impugn the general doctrine laid down by the supreme court; it only extends it under the peculiar circumstances of that case. To prove an eviction the plaintiff should have shewn, not only that the defendant entered

and took a distress, but that he had entered and kept the plaintiffs out from the possession of the demised premises. What was proved amounted to a bare trespass, and did not work a suspension of the rent. (1 Saund. 204, n. 2.) The plaintiff was liable to damages and might be mulcted to the amount of the rent taken by him in addition to such damages as would be awarded against a stranger ; but that should be the extent of his forfeiture.

*D. Buel, junior,* for plaintiffs. The eviction was fully proved. The tenants were deprived of a substantial part of the demised premises and a diminution in the value of the estate was caused by the act of the landlord : this supported the defence. The idea that an assertion of right of the kind set up by the defendant in this case should be considered merely as a trespass subjecting him to damages, is novel ; whenever a landlord thus invades the rights of his tenant a heavier penalty is imposed ; he forfeits his rights as landlord, as the tenant on his part would loose his rights in case of disclaimer. Their rights and duties are reciprocal, and the forfeitures they mutually incur grow out of the principles of the feudal law. It is not pretended that for a naked trespass the landlord would forfeit his rent, but that when he claims to exercise rights upon the premises demised by him, inconsistent with those granted by him to his tenant, he looses his claim to the rent. The forfeiture of a quarter's rent would be a slight punishment to the landlord and but a poor protection to the tenant.

. The evidence of the eviction was admissible under the pleas in this case. If the landlord had forfeited his rent, there could be no rent due. *Riens in arrere* in replevin is as the general issue in other actions ; (1 Ld. Raym. 641 ; 12 Mod. 354 ;) it is a broad plea under which the tenant may shew that the landlord had no right to take the distress. Under the plea of *nil debet* in debt for rent, an eviction may be shewn ; (1 Mod. 35, 118 ; Bull. N. P. 177 ; Woodfall, 413 ;) and if under one general issue such evidence is admissible, why not under another ? Under the plea of *non tenet,*

NEW-YORK.
May 1830.

Lewis
v.
Payn

although the tenant cannot dispute the title of his landlord, he may shew that it is ended.

*By the Court,* Savage, Ch. J. When this cause was formerly before the court, (8 Cowen, 71,) we had occasion to consider the effect of a fraudulent alteration of a deed by a party to be benefitted by it, and we then held that such alteration avoids the deed ; but as in this case there were two leases executed, both of which were *originals,* we held that the fraudulent alteration of one deed did not avoid the other, and that the lessor therefore was entitled, as the case was then presented, to recover the rent due, if any remained unpaid ; and a new trial was accordingly ordered, the jury having found for the plaintiffs.

Upon the new trial, the question whether a fraudulent alteration of one of the leases had been made was again submitted to the jury upon testimony on both sides, and has been again decided against the defendant. On the former trial we thought the jury would have been justified in finding a verdict either way upon that question. I am of the same opinion in relation to the last trial. The evidence is nearly balanced, but the jury have placed the most reliance upon the plaintiff's witnesses, or have considered the circumstances strongest against the defendant; and under such a state of facts the verdict ought not to be disturbed as contrary to evidence.

The principal questions now to be decided are, 1st. Whether under the pleadings the plaintiffs were at liberty to prove an *eviction* by the lessor of part of the premises ? 2d. Whether proof of the lessor's distraining for the rents upon the leases to Van Buren and others was sufficient evidence of an eviction? and 3d. Whether such an eviction bars the landlord from recovering his rent?

1. As to the question upon the pleadings. The evidence clearly shewed that there was a *holding* by the plaintiffs under the defendant, and that there was rent in arrear. The defendant is therefore entitled to judgment, unless under the plea of *riens in arrere* the plaintiffs are at liberty to prove an eviction. It is said that if the plaintiffs have been evicted by

the defendant, such an eviction has concluded the tenancy, and that consequently no rent can be in arrear. The general principle is, that any thing may be given in evidence under the *general issue*, which shews that no right of action ever existed ; and in some cases facts may be shewn which prove that no right of action existed at the *commencement of the suit*, though it be conceded that a right of action had once existed. In the action of *debt* for rent, the defendant, under the plea of *nil debet*, may shew an eviction by the plaintiff. (1 Mod. 35, 118. 1 Ld. Raym. 370. 1 Saund. 204, n. 2.) But in an action of *covenant* for non-payment of rent, an eviction cannot be proved, unless pleaded. Probably the reason of the distinction is, that in the action of covenant there is, strictly speaking, no general issue. The plea of *non est factum* has been considered the general issue for the purpose of attaching to it a notice of special matter ; but it puts in issue only the execution of the instrument declared on ; it does not impose upon the plaintiff the necessity of proving the breaches alleged. In the case of *Horn* v. *Lewin*, (Ld. Raym. 641, 12 Mod. 354,) it is said by the court that *riens in arrere* is the general issue to an avowry. If an eviction may be shewn in an action of debt for rent upon the plea of the general issue, I can see no reason why it may not in replevin upon the plea of the general issue to the avowry. Had there been a general issue in covenant, the same defence should, upon general principles, be received in that action upon the same plea. I am therefore of opinion that the plaintiffs were at liberty, under the pleadings, to shew an eviction, by the defendant of all or any part of the demised premises.

Where the lessor enters wrongfully into part of the demised premises, the tenant is discharged from the payment of the whole rent, till he be restored to the whole possession ; and this that no man may be encouraged to injure or disturb his tenant in his possession. (6 Bac. Abr. 49. Coke Litt. 148, b.) If the lord or lessor disseises or ousts the tenant or lessee of any part, the whole rent is suspended as it is held in Arcough's Case, (9 Coke, 135.) In *Dyett* v. *Pendleton*, (8 Cowen, 728,) this principle is recognized and adopted

as correct. In that case it was said that such a defence could be given in evidence under a plea of eviction only; that, however, was an action of covenant, in which there is no general issue. In the case of *Watts* v. *Coffin*, (11 Johns. R. 499,) it was said by Van Ness, justice, that an eviction to produce an apportionment or a suspension of the rent, must be of part or the whole of the thing demised.

Did, then, the distress upon the lots held under the prior leases amount to an eviction? *Hunt* v. *Cope* (Cowp. 242,) was an action of replevin in which the defendant avowed for rent, to which the plaintiff pleaded, 1. No rent in arrear, and 2. That before the distress, the defendant (the lessor) unlawfully entered into a garden, part of the demised premises, and pulled down a summer house. To this plea there was a demurrer and joinder, and judgment was given for the plaintiff, (the tenant.) But upon a writ of error to the king's bench, the judgment was reversed; and the only question argued was, whether the facts amounted to an eviction. Lord Mansfield said that the question turned upon the pleading; that the rule of law was clear; that to occasion a suspension of the rent, there must be an eviction or expulsion of the lessee, but this plea merely stated a trespass; that the lessee should have pleaded an eviction, and then the facts which were stated might have been sufficient for the jury to have found a verdict in his favor. And in *Dyett* v. *Pendleton* it seems to be held that any obstruction by the landlord to the beneficial enjoyment of the demised premises, or a diminution of the consideration of the contract by the acts of the landlord, amounts to a constructive eviction. The acts of the landlord in this case are, distraining for rent due on the prior leases, after he had conveyed all his interest in them to the plaintiffs in this suit. This, under the decisions which have been made, amounts to something more than a constructive eviction, and is sufficient to cause a suspension of the rent.

It is contended, however, that an ouster by the landlord which suspends the payment of the rent, must be not only an entry upon the demised premises, (for instance, that act of distraining,) but there must be a continuance in possession, so that the tenant is deprived of the occupancy; and

that as the distress complained of took place before the ac- cruing of the rent for which the distress was made, which is the foundation of the suit, the court are to presume that the tenants have subsequently had the full enjoyment of all the demised premises. In the absence of proof on that subject, the legal presumption is that the tenant, having been ousted of a part of the premises, continues out of possession; and such presumption can only be rebutted by evidence of their having been subsequently restored. But when it is recollected that the very gist of this action is, the right to the rents of which the defendants were ousted by the distress complained of, to presume a restoration of the premises, would be presuming contrary to the allegations of the defendant himself.

The defendant, therefore, is not entitled to recover any rent of the plaintiffs until he restores to them the entire possession of the premises demised, and the plaintiffs are entitled to judgment.