ALBANY,
Jan. 1835.

Osborn
v.
Etheridge.

OSBORN *vs.* ETHERIDGE.

Where the demand for which a party sues, would not have been a proper subject of *set-off* in an action *against him*, no demand which the defendant has against the plaintiff can be set off in the action *in his favor.* Thus, where a *tenant* sued his *landlord* to recover the *costs of the defence of summary proceedings* instituted by the latter, *it was held* that the landlord was not entitled to set off against such demand, *rent* due to him from his tenant.

ERROR from the Herkimer common pleas. Osborn sued Etheridge in a justice's court, and presented as his demand a bill of costs accrued in the defence of *summary proceedings* instituted by Etheridge as landlord against him as tenant, under the statute authorizing such proceedings by landlords against tenants for the non-payment of rent. The bill consisted of sundry items—such as drawing affidavit to oppose application, drawing subpœna, brief, and attendances before judge—amounting, together, to the sum of $9,94 ; of which sum, however, Osborn claimed to recover only $4,69. Etheridge pleaded the general issue, and gave notice of set-off of a demand for rent due to him from Osborn on a lease. On the trial, the defendant admitted the plaintiff's demand of $4,69 to be correct, and proved the lease, from which it appeared that the plaintiff was indebted to him $75 for one year's rent. The plaintiff proved that the *defendant* had failed to perform a covenant on his part contained in the lease, by which he had been greatly damnified, and also gave in evidence a record of recovery for costs in his favor in an action of replevin, in which the same question as to the right of Etheridge to recover rent upon the lease now produced, had been agitated and decided against him. The justice disallowed the set-off, and gave judgment for the $4,69 admitted by the defendant, and for the costs of the suit. The common pleas on *certiorari* reversed the judgment of the justice, and Osborn sued out a writ of error.

*A. Osborn*, in person.

*F. J. Littlejohn*, for defendant in error.

ALBANY,
Jan. 1835.

Osborn
v.
Etheridge.

*By the Court,* SAVAGE, Ch. J. (The Chief Justice, after disposing of the questions as to the right of the plaintiff to give evidence of the breach of the defendant's covenant contained in the lease, and as to the former recovery, and determining that the claim of the defendant for rent was a valid and subsisting demand, proceeds as follows.) The only remaining question is whether the *set-off* was offered in a suit, founded upon a demand which was itself the subject of set-off, according to law. 2 *R. S.* 234, § 50, *sub.* 5. Such demands must arise upon *judgment* or upon *contract* express or implied. The plaintiff's claim for costs did not arise upon judgment, nor upon contract; it was not for real or personal estate, nor for money paid or services rendered; nor was the amount liquidated, or capable of liquidation by figures. The bill of costs, which was the foundation of the suit, could only be liquidated by the court upon the testimony to be offered. On the trial, the defendant admitted $4,69 to be due, and the plaintiff seems to have abandoned the residue of his charges. This is an action upon the case upon the statute; and if there is any contract about it, it is an implied contract arising out of the fact of the landlord's bringing his suit before the judge to recover possession of his land. That contract, if any, must be an implied agreement to pay the costs of the tenant, in case the landlord shall fail of success. 2 *R. S.* 516, § 49. Had the statute said that the prevailing party should recover costs in an action of assumpsit, there would be more plausibility in supposing a contract. On the point that this was an action in which a set-off could not be allowed, I am inclined to think the justice was correct, and of course that the common pleas erred. If I am right in this, the judgment must be reversed.

*Judgment reversed.*