ALLEGANY GENERAL TERM, September, 1849. *Mullett, Sill, and Marvin,* Justices.

## LE COUTEULX *vs.* THE BOARD OF SUPERVISORS OF ERIE COUNTY.

The act of May 13, 1846, to equalize taxation, is not void as being an *ex post facto* law; it not being designed to operate retrospectively.

A lease for a term of thirty years, executed before that act took effect, is within the purview of the act, and the rents therein reserved are liable to taxation; although, at the passage of the act, the lease had less than twenty-one years to run.

A LEASE of land lying in the city of Buffalo was executed by Louis Le Couteulx to Samuel Johnson, by which a term was created, commencing on the first day of May, 1835, to terminate on the first day of May, 1865, and by which an annual rent was reserved, to be paid by Johnson. The plaintiff became the owner of this lease, and entitled to the rents reserved by it, as devisee of the lessor. Under the act of May 13, 1846, (*Sess. Laws*, 466,) entitled "an act to equalize taxation," a tax was imposed upon these rents, and collected of the plaintiff, amounting to $200 and upwards. The plaintiff brought this suit to recover back the sum so collected. The defendants

put in a demurrer to the complaint, and the cause was referred by consent. The referee reported in favor of the defendants, and the plaintiff moved to set aside his report. The construction and effect of the first section of the act referred to present the only questions argued.

*Geo. W. Clinton*, for the plaintiff, presented the following points: 1. The act to equalize taxation is void, as an *ex post facto* law. 2. The lease described in the complaint is not a lease for more than twenty-one years, within the meaning of the act, it having less than twenty-one years to run when the act took effect. 3. The act is unjust and oppressive in its operation, and if it will bear two constructions, that should be adopted which will produce the least injustice. Such construction will make it applicable only to leases having more than twenty-one years to run after its passage.

*S. G. Haven*, for the defendants.

*By the Court*, SILL, J. The first section of the act of 1846, which is presented for construction, is as follows: "It shall be the duty of the assessors of each town and ward, while engaged in ascertaining the taxable property therein, by diligent inquiry, to ascertain the amount of rents reserved in any leases in fee, or for one or more lives, or for a term of years exceeding twenty-one years, and chargeable upon lands within such town or ward, which rents shall be assessed to the person or persons entitled to receive the same, as personal estate, which it is hereby declared to be for the purpose of taxation under this act, at a principal sum, the interest of which at a legal rate per annum shall produce a sum equal to such annual rent," &c.

Whether the legislature have power to pass a law for the purposes of taxation, which is designed to operate retrospectively, is a question not presented in this case. Such is neither the effect or intent of the statute. It imposes no burden on rents paid or payable before its passage. It looks to the future alone, subjecting to taxation rents reserved in leases of a specified

character, accruing after the act takes effect. The argument presented by the plaintiff's counsel, upon his first point is, that the rent is reserved by a contract made prior to the enactment of the statute, and the imposition of the tax impairs the value of the lease to the plaintiff. It is not easy to perceive how a law, providing for taxation, can be framed, which will not in the outset encounter the same objection. The imposition of a tax for the first time upon land, and the increase of the tax to meet any peculiar exigency, will in the same sense impair the value of the purchase to the owner. Upon the same principle the power of the legislature to tax specific personal property, such as carriages, jewelry, &c. must be denied because it was, when acquired, free from the burden. This objection can not be sustained.

We are also of the opinion that leases which originally created a term exceeding twenty-one years are within the purview of the act, although the term may expire within that number of years after the statute took effect. The assessors are directed to ascertain the rents reserved by "leases for a term of years exceeding twenty-one years," not *rents of unexpired terms exceeding twenty-one years*, nor *rents of leases having yet more than twenty-one years to run.*

This was originally a lease for a term of thirty years, and confessedly belonged to one of the classes specified in the section quoted. Although the term created by it will by reason of lapse of time since its creation expire within a much shorter period, still it is appropriately called a *term for thirty years*, whether we apply the legal definition, or adopt the ordinary acceptation of this language. If the length of the unexpired term were admitted as the test by which to determine what cases are within the act, rents reserved by leases made after the act passed would be exempt from taxation during the last twenty-one years of the terms created by them—a consequence, we think, not in contemplation of the legislature.

It is said, in the third place, that the construction which we are inclined to adopt will be unjust and oppressive upon persons

standing in the situation of the plaintiff, subjecting, as it is claimed, their property to double taxation.

If the statute were really ambiguous it would be our duty to adopt that construction which while it carried out the general design of the legislature would produce the least injustice in its administration. But in the absence of any serious doubt of the true construction of the law, we can not interpose our judgment to save the plaintiff from what he deems injustice in its operation upon him.

The power of taxation in this state, and in every constitutional government, is vested in the legislature. That body must decide upon the necessity or expediency of a tax, the principle upon which it shall be imposed, and the mode of collecting it. The people have a right to expect that their representatives, in the exercise of this high prerogative of sovereignty, will adopt a principle of taxation which will as far as practicable impose a just proportion of the public burden upon all who enjoy the protection of the laws. But if they depart from this principle, in the exercise of their legislative functions, the remedy is not in a court of law. The only security the people have against an abuse of this power, and against unequal and unjust taxation, consists in the interest, wisdom, and integrity of the legislator and his responsibility to his constituents. (4 *Peters*, 563. 4 *Wend.* 428. 24 *Id.* 65.) The report of the referee was right, and there must be judgment on it for the defendants, with costs.