24b  39
9ap248

## Tibbits *vs.* Percy and L'Amoraux.

The obligation of a lessee, for the payment of the rent reserved in the lease, and the obligation of a third person, who, by a separate instrument executed at the same time with the lease, guaranties the payment of the rent, by the lessee, are separate and not joint, and will not support a joint action by the lessor, against the lessee and the guarantor.

The obligation of the lessee is primary and absolute; and that of the guarantor, secondary and conditional.

But if a misjoinder, of this description, is not objected to in the court below, the objection cannot be raised on appeal.

If the effect of a lease, by itself considered, would be to merge or supersede a prior agreement between the parties thereto, parol evidence that it was the understanding, at the time the lease was executed, that the prior agreement should be kept on foot and remain a subsisting contract, is inadmissible, as varying by parol the effect of the lease, and changing the rights of the parties under it.

The omission, by a lessor, to make repairs according to his agreement, will not release the lessee from the payment of rent. The remedy of the lessee, in such a case, is by action against the lessor, upon the covenant to repair.

APPEAL from a judgment of the Wayne county court, affirming a judgment of a justice of the peace. The plaintiff brought his action, before the justice, to recover from the defendants

$100, being two quarters' rent due on a lease executed by the plaintiff and the defendant Percy, dated May 26, 1854, by which the plaintiff leased to the said Percy certain premises therein described, for the term of five years from the 30th day of June then next, and by which also Percy covenanted to pay the plaintiff $200 a year rent for said premises during the said five years, to be paid quarterly on the 15th days of September, December, March and June in each year. The lease was executed under the hands and seals of the plaintiff and the defendant Percy. Annexed to this lease was another instrument under the hand and seal of the defendant L'Amoraux, which was in the words and figures following, viz : " In consideration of one dollar to me in hand paid by Charles A. Tibbits, the receipt whereof is hereby acknowledged, I hereby guaranty that Herman Percy shall punctually pay, to the said Tibbits the rents which he has obligated himself to pay in the annexed lease, and punctually, at the time he has agreed to pay the same ; and in case he shall neglect or refuse to pay the same as they shall become due by the terms of said annexed lease, I promise, for value received, to pay the same to said Tibbits on demand, without notice of non-payment by the said Percy. Witness my hand and seal this 26th day of May, 1854.

D. W. L'AMORAUX. [L. s."]

The action before the justice was commenced on the 26th day of January, 1855, and tried on the 23d day of March following. On the trial, after the plaintiff had given evidence tending to prove the execution of the lease and the guaranty, he rested his proofs ; whereupon the defendants moved for a nonsuit, but without specifying any ground for such motion; which motion was denied by the justice. The defendants then gave in evidence an instrument in writing executed by the plaintiff under his hand and seal, which was in the words and figures following : " This is to certify that I, C. A. Tibbits, have this 22d day of May, 1854, let and rented unto Heman Percy, of the same place, my house and premises, known as the frame building near the rail road depot in the town of Arcadia, bounded on the west by the plank road, south by the old Monte-

zuma turnpike, north and east by the lands owned by E. T. Grant and Socrates Smith, with the appurtenances and the sole and uninterrupted use and occupation thereof, for the term of five years, to commence on the fifteenth of June next, at the yearly rent of two hundred dollars a year, payable quarterly, and I am to make as soon as possible the following repairs and additions to the premises. I am to build on said premises a barn twenty-five feet by thirty; to be well finished. I am to build a stoop on the west side of the house; bring good water in logs or pipes to the said premises in a good workmanlike manner; repair the fences now on the premises, and build, in the course of this summer or next fall, a good picket fence on the south line of said premises; and I hereby give him, the said Percy, the privilege, if he sees fit, to finish off a room in the basement, to be used as a recess or other purpose. Given under my hand, 22d day of May, 1854.

CHAS. A. TIBBITS. [L. S."]

The premises described in this instrument were the same as those described in the lease. The defendants then offered to prove a breach of the agreements on the part of the plaintiff in the agreement above set forth, which was objected to by the plaintiff, and the objection was sustained by the justice. The defendants also offered to prove that, at the time of the execution of the lease, it was understood by and between the parties that the contract of the 22d of May, 1854, should remain valid and in force. This was objected to on the part of the plaintiff, and the justice sustained the objection. The parties then rested, and the justice rendered judgment in favor of the plaintiff, against both the defendants, for $100 damages, together with costs. The defendants appealed to the county court, where the judgment of the justice was affirmed.

*S. K. Williams*, for the appellants.

*F. E. Cornwell.* for the respondent.

*By the Court*, WELLES, J. The objection of misjoinder of defendants, if it had been interposed in proper time and man-

ner, would have been fatal to the plaintiff's recovery against both defendants in one action. The contract of each defendant was, substantially, to secure the same object, to wit, the payment of the rent; but their undertaking was several and not joint. The obligation of Percy, the principal, was primary and absolute; that of L'Amoraux was secondary and conditional. Their obligations to the plaintiff were the same, and their liability to an action would arise at the same moment, and to the same extent precisely; still, it was not a joint undertaking. (*De Ridder* v. *Schermerhorn and Purdy*, 10 *Barb.* 638. *Hall* v. *Farmer*, 5 *Denio*, 484; *affirmed on appeal*, 2 *Comst.* 553.) These cases may be regarded as overruling the case of *Luqueer* v. *Prosser*, (1 *Hill*, 256,) and others of like import. Section 120 of the code, cited and relied upon by the respondent's counsel, does not help him. That section provides for including in the same action, persons severally liable upon the same obligation or instrument—not upon different instruments, as in this case.

It is contended, however, by the respondent's counsel, and it seems to me with unanswerable force, that this objection, not appearing to have been taken and pointed out by the defendants on their motion for a nonsuit, should not now be listened to. The return of the justice states that when the plaintiff rested the defendant moved for a nonsuit, which was denied. No ground whatever was stated for the motion. Neither the justice nor the plaintiff had his attention directed to the question of misjoinder. If it had been done the motion might have been granted, or the plaintiff might have discontinued; or, perhaps, would have been entitled to elect against which of the defendants he would proceed. It should now be regarded the same as if a motion for a nonsuit had not been made. The point is strictly a legal, not to say a technical one. No injustice has been done, as the cause of action against both defendants was fully made out.

The only remaining question arises upon the exclusion, by the justice, of evidence offered by the defendants of the plaintiff's failure to fulfill his covenants contained in the agreement

Tibbits *v.* Percy.

of May 22d, 1854. The justice excluded the evidence on the ground that the agreement was superseded by the lease, which bore date the 26th of the same month. The defendants offered to prove that at the time the lease or contract of May 26th, 1854, was made, it was understood between the parties that the first contract should remain valid and subsisting. This was objected to, and the objection sustained. If the effect of the lease or contract of May 26th, aside from the agreement sought to be proved, in relation to keeping on foot the agreement of the 22d of May, would have been to merge or supersede the latter, parol evidence of such fact, that is, the fact that it was to remain a subsisting agreement, was, I think, inadmissible, as varying by parol the effect of the lease, and changing the rights of the parties under it; and the question must be decided irrespective of such offer and rejection. In my opinion, the lease or second contract did not supersede the agreement before entered into by the plaintiff to make repairs, &c. They were not inconsistent with each other, and there was no conflict whatever between them. And there is nothing in the lease, in terms or by implication, superseding the plaintiff's agreement to make repairs. But it does not release the defendants from paying the rent. The remedy of the lessee, in such case, is by action against the lessor upon the covenant to repair, &c. ( *Watts* v. *Coffin*, 11 *John.* 495. *Osborn* v. *Etheridge*, 13 *Wend.* 339. *Christopher* v. *Austin*, 1 *Kern.* 216.) The cases cited by the appellants' counsel, go to show that where the lessor has evicted the lessee, or prevented him from entering upon the demised premises, or any part of them, he shall not recover rent.

The judgment of the county court should be affirmed.

Ordered accordingly.

[Monroe General Term, March 2, 1857. *T. R. Strong, Welles* and *Smith,* Justices.]