Woodruff, J.
I concur with Mr. Justice Robertson in his conclusion that if an action had been prosecuted by the payees of the note in question, the Atlas Mutual Insurance Company, the defendants would have been entitled, to set off against the note, their claim against the Company for losses which had been adjusted and fully liquidated before the note became payable. And that such right of set-off would not have been defeated nor affected by proof that the Company was insolvent and could not pay other debts and claims for losses in full.
And I entertain this opinion without deeming it necessary to determine whether the note in question was, or was not, such a note as is described and referred to in the 12th section of the charter of the Atlantic Insurance Company, which forms a part of the charter of the Atlas Mutual Insurance Company. The agreement under which it was given was not, in all its particulars, such as that section authorizes.
In either aspect this note was a valid binding note. It was delivered to the Company in advance for premiums on risks proposed to be taken, and those risks were taken by the Company. The note was therefore a valid note, and held for a full consideration. Whether it could have been collected if no risks had been taken it is not necessary to say, for in my judgment it cannot affect the result, it is enough that it was a good note for which the defendants were liable to the full amount.
Concurring then in the conclusion that the defendants might have set off their claims for losses had the Company brought an action on this note, the inquiry is:
Does the appointment of the plaintiff, a Receiver of the Company in proceedings against the Company as an Insolvent Corporation, defeat the right of set-off?
*637 To the right understanding of the subject, it should be stated that before the plaintiff’s appointment, the defendants’ claim for losses had been liquidated by the Company at $2,533.59, a sum greater than the balance due on the defendants’ note.
At that time, the Company had hypothecated the note with the Phenix Bank as security for a loan made to the Company by the said bank, and it was held by that bank until after its maturity.
By payments made by these defendants on account of this note, and otherwise, the lien of that bank was discharged, and the note was returned, not to the Company, but to the present plaintiff who in the meantime had been appointed Receiver, and as such, he holds the note.
The plaintiff was appointed Receiver about one month before the note became due, and then succeeded to all the rights of the Company in or to the note and the moneys secured thereby.
In my opinion the defendants’ right of set-off was precisely the same as against the Receiver of the Company, as it would have been against the Company itself.
By the terms of the 10th subdivision of section 12 [18] of the act concerning set-offs, (2 R. S., 354, 355,) it is provided that “ if the plaintiff be a Trustee for any other, or if the suit be in the name of a plaintiff who has no real interest in the contract upon which the suit is founded, so much of a demand, existing against those whom the plaintiff represents, or for whose benefit the action is brought, may be set off as will satisfy the plaintiff’s debt, if the same might have been set off in an action brought by those beneficially interested.”
There is much ground for saying that within the meaning of this provision the present plaintiff represents the insolvent corporation. He sues in right of such corporation. By virtue of his appointment he succeeded to the rights of such corporation, and he enforces those rights without any real interest in the contract upon which the suit is founded. He answers literally the description in the statute, being a Trustee for another.
In this view of the statute, the claim of the defendants being one which could be set off if the Company were plaintiff, it may be set off as against the Receiver.
But without resting upon this construction of the statute of set-off; by the act concerning the voluntary dissolution of corpora *638 tions, (2 R. S., pp. 467-469, § 79, [68,] to 85, [74,]) the powers and duties of Receiver are made to correspond with those ot Trustees under the Act relating to Trustees of absent, absconding and insolvent debtors, and by section 51, [42,] of the Act concerning proceedings in equity against insolvent corporations, (2 R. S., pp. 462, 464,) receivers appointed in virtue thereof have the same powers and duties.
The Trustees under the Act so referred to and made applicable to Receivers, and therefore to this plaintiff, are authorized “where mutual debts have subsisted between such debtor and any other person, to set off such debts and pay the proportion or receive the balance due.” (2 R. S., p. 47, § 41, [36,] and see also (pp. 41, 42, § 9, subd. 1, and p. 47, § 42, [37.])
This seems to me to require 'the allowance of the set-off in favor of these defendants. Their claim was ascertained and liquidated, owing to them by the Company, due and payable before the plaintiff’s appointment.
This is expressly affirmed by the Chancellor in Holbrook et al. v. The Receiver of the American Fire Insurance Company. (6 Paige, 220.) Indeed, that case goes much further. There (as in this case) the demand held by the Receiver did not become due until after the insolvency of the Company, and the defendant’s claim (unlike the present case) was an unliquidated demand. It had been decided, that the defendant in any action, could not at law (under the Revised Statutes) set off an unliquidated claim, and that a claim for a loss under an open policy of insurance is an unliquidated demand. (Butts v. Collins, 13 Wend., 139; Reab v. McAlister, 8 Wend., 112; Osborn v. Etheridge, 13 Wend., 339, and Gordon v. Bowne, 2 J. R., 150.)
And yet the Chancellor not only decided that as against a Receiver, a demand against the insolvent corporation could be set off, but that in equity it might be allowed although the demand sought to be set off was not liquidated. (See the general principle that a Receiver takes, subject to all rights and equities existing against the Company, in the opinions of the Vice-Chancellor and Chancellor in that case, and also in Miller v. Receiver of the Franklin Bank. (1 Paige, 444.)
In my opinion the set-off should be allowed, and that so much of the sum of $2,533.50, which is the liquidated amount due to *639 the defendant, as is required to extinguish the balance due on the note held by the plaintiff should be so applied.
Judgment ordered accordingly.