### Daniel Day and another v. Eliza V. Watson.

Where a landlord, during the continuance of a lease, without the consent of the tenant enters upon the demised premises, which have been vacated by the tenant, and the entry is followed by a continuous possession inconsistent with the possessory right assured to the tenant by the lease, such possession amounts to an eviction, and precludes the recovery of rent while it continues

And this is so whether the entry be for condition broken or not.   If for condition broken, it signifies an intention to terminate the lease entirely; while if the landlord regard the lease as still continuing, the right to rent is suspended during the occupancy.

*Heard, October 9th.   Decided October 18th.*

Error to Wayne Circuit.   The case is sufficiently stated in the opinion.

DAY v. WATSON.

*J. E. Bigelow*, for plaintiffs in error.

*L. Bishop*, for defendant in error.

CAMPBELL J.:

It appears in this case, that the plaintiffs in error, being in arrears for rent, and having left the demised premises, the defendant in error gave the key of the house to one Harvey Burns, who was employed to take care of the place and occupy it until defendant in error could rent it. She brings an action for rent for a period including the time when Burns was in possession.

There is no proof in the case from which an inference could be legitimately drawn, that the entry of defendant in error was by consent of her tenants, or under any arrangement with them. This being so, and the entry being followed by a continuous possession, which was inconsistent with the possessory title assured to the tenants under the lease, that possession amounts very clearly to an eviction:—*Lewis v. Payn*, 4 *Wend.* 423; *Dyett v. Pendleton*, 8 *Cow.* 72; *Lawrence v. French*, 25 *Wend.* 443. A tortious entry not followed by possession stands on a different footing, and is a mere trespass. *Ibid.*

So far as the present case is concerned, it makes no difference whether the action of the defendant in error be considered as an entry on condition broken or otherwise. If she be regarded as entering on condition broken, that would signify an intention to terminate the lease entirely. If she regarded the lease as still continuing, the right to rent was supended during the occupancy:—*Taylor on L. & T.* §§ 378, 380. In the absence of any evidence showing an understanding with the tenants, she had no right to reassume possession, whether the premises were vacant or not, if she designed to regard the lease as continuing. The plaintiffs in error had the right, therefore, to have the instructions given which they asked of the court be-

low, and the refusal of the court to give them was er-
roneous.

The judgment must be reversed, with costs, and a new
trial granted.

The other Justices concurred.