### HAMILTON et al. v. GRAYBILL et al.

(Supreme Court, Appellate Term, First Department.　February 26, 1897.)

1. LANDLORD AND TENANT—PARTIAL EVICTION—OBSTRUCTION OF DOOR.
　　A tenant occupying two office rooms is partially evicted therefrom, so as to suspend his obligation to pay rent, by the landlord's obstruction of the outer door of one of the rooms, though the tenant has access thereto through the other room.

2. SAME—SUMMARY PROCEEDINGS—DEFENSE OF EVICTION.
　　The defense that the tenant has been partially evicted may be made in summary proceedings.

Appeal from First district court.

Summary proceedings by William G. Hamilton and others against James E. Graybill and others. From a final order dismissing the proceedings, plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Francis W. Pollock, for appellants.

Charles A. Reed, for respondents.

BISCHOFF, J. These proceedings (instituted pursuant to the provisions of section 2231, Code Civ. Proc.) were based upon the non-

payment, after demand, of quarterly installments of rent due from the tenant, respondent, to the landlords, appellants, on May 1 and August 1, 1896, under a written lease of office rooms in the premises No. 229 Broadway, "to be used and occupied as law offices, and for no other purpose." That the tenant had entered into such lease, that he had remained in possession of the rooms during the period for which the rent was claimed, and that he had refused to pay the rent, are undisputed facts; but the claim of the landlords to possession, because of this nonpayment, was resisted upon the ground that, through their acts, the tenant's beneficial use of the demised premises had been lessened, in that he was deprived of the possession of a part of such premises. The proceedings to recover possession were dismissed, and the propriety of this ruling in the court below depends upon the force which is to be accorded to this defense of a partial eviction.

As originally demised to the respondent, these office rooms had two outer doors, giving access to and from the common hallway of the building, one of which was the entrance to the respondent's general office, the other being used by him as private entrance to his private office, which room also had an entrance into the general office. Office room upon the second floor being sought by one Ellison, an incoming tenant, and greater space being desired by him than the available rooms afforded, it was proposed that a portion of the hallway be partitioned off to form a room, this portion embracing the respondent's private outer door. Negotiations were had between the landlords, the respondent, and Ellison as to the proposed alterations; and, while the evidence as to the result was in considerable conflict, sufficient proof appears to support a finding by the justice that the respondent gave no consent to the erection of the partition except upon the condition that he still have access to the hallway through his private door, and thence through the new office, the doorway being unobstructed. The hall space was let to Ellison, without reservation, and the partition erected, but so that this private entrance was condemned, and the use of it lost to the respondent, who thereupon assumed the position that all claim to rent upon the landlords' part was suspended until he was restored to the possession and enjoyment of this adjunct to or part of the subject of the lease, in which he was sustained.

We concur with the ruling of the court below. The maintenance of the separate entrance to the private office may have been unnecessary, in the sense that it was not the only means of access, but it remains that, in view of the use to which the occupancy of the rooms was limited by the terms of the demise, the entrance was necessary to the full enjoyment of such use. Whether it was or not was a question of fact (Simmons v. Cloonan, 81 N. Y. 557), which, for the purpose of this appeal, is to be taken as having been determined adversely to the appellants. At any rate, such separate entrances to the rooms were integrally a part of the latter at the time of the demise, and so may be said to have been apparent incidents to the use of the rooms; in other words, appurtenances thereto (Doyle v. Lord, 64 N. Y. 432–436; Simmons v. Cloonan, supra; Ogden v. Jennings,

62 N. Y. 526, 531; Woodhull v. Rosenthal, 61 N. Y. 382, 390; People v. Gedney, 10 Hun, 151; 2 Am. & Eng. Enc. Law [2d Ed.] 520; Wood, Landl. & Ten. § 213; McAdam, Landl. & Ten. [2d Ed.] § 63; Tayl. Landl. & Ten. § 161, etc.), the existence of which may have been materially persuasive upon the respondent when he accepted the lease of the rooms, and which, because not expressly excluded, passed with the demise, although not particularly alluded to (see cases and text-books last above referred to, and Huttemeier v. Albro, 18 N. Y. 48; Newman v. Nellis, 97 N. Y. 285; 6 Lawson, Rights, Rem. & Prac. p. 4579, § 2806). Considered as such appurtenances to the demised rooms, therefore, we cannot say that the respondent should, at the insistence of his landlords, do without the use of either one of the entrances, without assuming to make for the parties a contract which differs materially in respect to the subject thereof from the one which they made for themselves. From the use of one of such appurtenances the respondent was actually and physically ousted and kept expelled. The case at bar is therefore not one of a constructive eviction, merely, from the office rooms let to the respondent, as the appellants' counsel seems to regard it, in which event the eviction would not be available as a defense to a demand for the rent without an abandonment of the demised premises before the rent accrued (Boreel v. Lawton, 90 N. Y. 293), but one of an actual eviction from a part of such premises, which, though the tenant continues to occupy the remainder, has the effect of suspending the entire rent so long as the eviction endures, the same as if the eviction was from the whole of the premises demised (Lewis v. Payn, 4 Wend. 423; Watts v. Coffin, 11 Johns. 499; Ogilvie v. Hull, 5 Hill, 52; Dyett v. Pendleton, 8 Cow. 728; Christopher v. Austin, 11 N. Y. 216; Edgerton v. Page, 20 N. Y. 281, 284; Lounsbery v. Snyder, 31 N. Y. 514; Peck v. Hiler, 24 Barb. 178; People v. Gedney, 10 Hun, 151; Johnson v. Oppenheim, 12 Abb. Prac. [N. S.] 449; Edmison v. Lowry [S. D.] 17 Lawy. Rep. Ann. 275, and cases collated in note; s. c. 52 N. W. 583; 7 Am. & Eng. Enc. Law, 41; McAdam, Landl. & Ten. [2d Ed.] 478; Wood, Landl. & Ten. § 481; Tayl. Landl. & Ten. § 378); the rule in that regard being that "nullus commodum capere potest de injuria sua propria" (Broom, Leg. Max. [8th Am. Ed.] pp. 279, 281). The defense of eviction is as available in summary proceedings to recover possession of the demised premises for nonpayment of rent as it would be in an action to recover the rent. It establishes the fact that the rent for the nonpayment of which possession is sought is not due and owing. Pearson v. Germond, 83 Hun, 88, 31 N. Y. Supp. 358.

Final order dismissing the proceedings affirmed, with costs. All concur.