[Civ. No. 1162.    Third Appellate District.—November 22, 1913.]

E. BOSCHETTI et al., Respondents, v. THOMAS J. MORTON et al., Appellants; P. L. BADT, Intervener and Appellant.

GUARANTY OF LEASE — ACTION TO ENFORCE — LESSEE NOT NECESSARY PARTY.—In an action by the lessor on a guaranty of a lease, the lessee, who is insolvent, is not a necessary party defendant.

ID.—PLEADING—REDUNDANT MATTER IN COMPLAINT—REFUSAL TO STRIKE OUT.—In such action the refusal of the court to strike out redundant matter in the complaint setting forth proceedings to recover rent in the justice's court, is not ground for a reversal of the judgment, it not appearing that defendants were in any wise prejudiced by the redundancy.

ID.—AMENDED ANSWER ALLEGING PENDENCY OF ANOTHER ACTION—REFUSAL OF LEAVE TO FILE.—It is not error in such action to refuse leave to file an amended answer, setting forth by way of plea of abatement the pendency of another action between the lessee and the plaintiffs here to recover damages for the defective construction of the building and the consequent injury to goods, where the guarantor is not a party to such action.

ID.—EXECUTION OF LEASE AND GUARANTY—SUFFICIENCY OF PROOF.—In this action on a guaranty of a lease the execution of the lease and the guaranty appeared both by failure to deny and by the averments of the answer and the complaint in intervention.

ID.—ACTION ON GUARANTY OF LEASE—EVIDENCE.—In such action it is material to show that the plaintiffs accepted possession of the premises from the lessee, and that their reason for doing so was the nonpayment of the rent.

ID.—SURRENDER OF PREMISES BY LESSEE—ACCEPTANCE BY LESSOR.—Upon the surrender of the key and abandonment of the premises by a lessee during the term, the lessors have a right to take possession and thus manifest their acceptance of the surrender, without being held to have evicted the lessee and absolved him from liability for rent.

ID.—EVICTION OF LESSEE—WHAT IS NOT—LIABILITY OF GUARANTOR FOR RENT.—Where a tenant, not under compulsion but voluntarily, gives up the premises and the landlord accepts the abandonment, there is no eviction, and guarantors of the lease are not discharged from liability for rent.

ID.—DEFAULT OF LESSEE—NECESSITY OF NOTICE TO GUARANTOR.—One who guarantees the payment of rent under a lease is not entitled to notice within reasonable time of the lessee's default in paying rent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

William J. Herrin, for Appellants.

Rufus Hatch Kimball, for Respondents.

CHIPMAN, P. J.—The action is against defendants as guarantors under a certain lease in which intervener, Badt, was the lessee of the premises and plaintiffs were the lessors. The undertaking was attached to the lease and in terms covenants that the lessee will pay all rents monthly and execute other agreements, failing in which the guarantors "will forthwith pay unto them (plaintiffs) without previous demand on us all rents accrued and all damages incurred by reason of such failure, including attorney's fees actually incurred or expended by them (plaintiffs) or their agents, Burnham & Marsh."

It is alleged that the lessee entered into possession of the premises (a building on the northerly side of Bush Street near Franklin Street in the city of San Francisco) and paid the rent, one hundred and sixty dollars per month, to plaintiffs to and including April 14, 1907, and so continued in possession until and including June 1, 1908, on which last-named date plaintiffs "accepted possession thereof from said Badt . . . for the sole reason that the said Badt and the defendants, each and all, refused to pay the rent of said premises or any portion thereof"; that, except as hereinafter stated, Badt neglected and refused to pay rent after April 15, 1907, by reason whereof plaintiff commenced an action in the justice's court against the defendants herein to recover rentals for the month commencing April 15, 1907, and recovered judgment therein which, on appeal to the superior court, was affirmed, and the said judgment in said superior court was paid and the judgment satisfied; that the whole of the rent accruing since May 15, 1907, is unpaid and defendants have refused to pay the same. Judgment was demanded for the sum of two thousand and eighty dollars, with

interest and five hundred and twenty dollars attorneys' fees. A motion was made by defendants to strike from the complaint the said proceedings in the justice's court and the superior court, some sixty or more folios, as redundant and immaterial, which motion was denied. Defendant, Basilio Assente, made default. Defendant Morton answered, denying that plaintiffs accepted possession of the premises from Badt because of the nonpayment of rent but that they wrongfully entered into possession June 1, 1908, and evicted Badt in violation of the lease. As a second defense, defendant Morton alleged that plaintiffs, without the consent of defendants or of Badt, on June 1, 1908, wrongfully took possession of the premises, "tore out and removed all of the fixtures, shelving and counters placed, constructed, used and owned therein by said P. L. Badt," by reason whereof defendants were "exonerated, released and discharged from said agreement, and undertaking" to pay plaintiffs. Wherefore defendant prays that plaintiffs recover nothing and that he be "exonerated, discharged and released from said guaranty annexed to said lease."

Intervener Badt, by leave of court, filed a complaint in intervention in which he made denials of the averments of plaintiff's complaint much the same as did the defendant. He set up several separate defenses entitled, third, fourth, and fifth defenses. A demurrer was sustained as to these and, no objection being made in the briefs to this order, these defenses need not be set out. In his second defense, intervener alleges the making of said lease; that at its date, June 11, 1906, the building on said premises was in course of erection; that said building was to be used in carrying on a hardware business and was to be suitable for that purpose; that it was not completed until about August 1, 1906, on which date intervener took possession and placed therein a stock of hardware of the value of five thousand dollars; that, in violation of said agreement, plaintiffs did not erect a building suitable for mercantile purposes or said hardware business; that, by reason of the defective and faulty construction of said building (as to which the particulars are set out), "when the rainy season began in the month of October, 1906, seepage, percolating, and surface waters oozed through said floor, walls, sidewalk and foundations, and dampened

and rusted said stock of hardware in said building to such an extent'' as to render it unsalable; that said defects were unknown to intervener and could not be discovered by him by the use of ordinary diligence but that plaintiffs could have discovered such defects during the construction of the building had they used ordinary care in its supervision; that, about the —— day of October, 1906, intervener gave plaintiffs notice in writing pursuant to section 1942 of the Civil Code, notifying them of said defects and plaintiffs thereupon commenced repairs on said building but said defects could not be and were not repaired, ''and shortly thereafter intervener did remove his stock of hardware from said building whereby intervener suffered damage in the sum of five thousand dollars, no part of which has been paid.'' Intervener also alleged that at all the times set forth in the complaint he was and now is ''wholly insolvent and unable to indemnify defendant, Thomas J. Morton, for any judgment that may be obtained against him.''

Defendant Morton asked leave to file a proposed amendment to his answer, as a third defense, setting forth by way of plea in abatement the pendency, in the superior court, of another action ''between defendant's principal P. L. Badt and the plaintiffs in this action; that in said action a copy of the process has been duly served upon defendant's principal P. L. Badt, and he has appeared therein, and said cause is at issue as to said Badt and undetermined.'' In support of the motion all the papers in the case are appended thereto and it is claimed that the said action was between the same parties as in this action and involved the same issues. The motion was denied.

The court found the averments of the complaint to be true except as to the amount of the alleged attorney's fee, five hundred and twenty dollars, and reduced the amount to two hundred and fifty dollars; that the denials in paragraphs I and II of the answer of defendant, Morton, are untrue; that the lease set up by Morton is the same lease set forth in plaintiffs' complaint; that plaintiffs did not oust Badt from the building and did not wrongfully or without the assent of Badt or the defendants go into possession or oust or eject Badt or wrongfully withhold the possession from him or defendants without his consent; that defendant Morton is not

exonerated or released from said agreement; that intervener, Badt, has no good or substantial defense to the action; that plaintiffs took possession of the premises with Badt's consent and in accordance with his wish; that at all times set forth in the complaint in intervention the said intervener was and is wholly insolvent.

The conclusions of law were: That plaintiffs are entitled to judgment against the defendants and Badt, the intervener, in the sum of one thousand seven hundred and twenty dollars, with interest upon the sums monthly as they accrued, from May 15, 1907, and also two hundred and fifty dollars, attorney's fees, and costs of suit.  Judgment was entered accordingly.

1. Appellants' first point is that their special demurrer for misjoinder of parties should have been sustained because the lessee, Badt, was not made party defendant.  In *Carver* v. *Steele,* 116 Cal. 116, 119, [58 Am. St. Rep. 156, 47 Pac. 1007], the court said: "In general, unless some agreement or special circumstance imposes diligence upon the creditor as a duty, he does not, by mere failure to pursue the person primarily liable, discharge the guarantor, surety, or indorser, even though his passivity in this regard may result in barring his remedy against the original debtor."  Furthermore, in the present case, Badt was wholly insolvent and hence it was not necessary to sue him.  (Civ. Code, secs. 2800, 2801.) Besides, Badt was allowed to make himself a party.

2. The court refused to strike out the alleged redundant matter in the complaint setting forth the action in the justice's court.  The facts were probative and had no proper place in the complaint and should have been stricken out, but the refusal of the court to grant the motion is not ground for reversal of the judgment.  It does not appear that defendants were in any wise prejudiced by the retention of this redundant matter.  (*Sloane* v. *Southern Cal. Ry. Co.,* 111 Cal. 668, 684, [32 L. R. A. 193, 44 Pac. 320].)

3. It is claimed that the court erred in denying defendant Morton's motion to file an amended answer.  It is contended that the action sought to be pleaded in abatement involved the same parties and the same issues and that had a judgment been rendered in the case "it would have been offered as a plea in bar of this action."  (Citing *Hall* v. *Susskind.*

109 Cal. 203, [41 Pac. 1012]; Code Civ. Proc., sec. 1908, subd. 2.) The action of Badt against the plaintiffs here was to recover damages for the defective construction of the building and the consequent injury to intervener's goods. The guarantors, defendants here, were not parties to that action and the action did not involve the payment of rentals. The question of the liability of the sureties not having been involved, a judgment in the action of Badt *v.* these plaintiffs, would not necessarily be a bar to this action. The rule laid down in *Hall* v. *Susskind* is not met by the facts pleaded in *Badt* v. *Boschetti and Magnani.*

4. Error is claimed of the court's refusal to sustain defendant's motion for a nonsuit for the reason that certain material averments of the complaint are not supported by any evidence, viz.: that the lease was not offered in evidence; that the execution of the guaranty by defendant, Morton, was not shown; that there was no evidence to sustain the averment "that plaintiffs accepted possession for the sole reason that the defendant, Morton, or either of them, refused to pay the rent"; that there was no evidence in support of the averments relating to the proceedings and judgment in the justice's court for a month's rent and the payment of the judgment.

The execution of the lease and the guaranty appeared both by failure to deny and by the averments of the answer and the complaint in intervention. So far as the proceedings for the recovery of one month's rent are concerned, we cannot see that they were material to the issues in this case. At most they tended to show what otherwise appeared,—namely, that the lease and guaranty were executed as alleged, and whether that judgment was or was not paid is not material, since the present action excludes any claim for that month. It was material to show, which was denied, that plaintiffs accepted possesssion of the premises from Badt, the lessee, and that their reason for doing so was the nonpayment of the rent. The court found: "That plaintiffs accepted and took possession of the premises described in the lease set forth in the complaint herein on the first day of June, 1908, in accordance with the consent of P. L. Badt." Badt testified that he gave up the key of the premises to Burnham & Marsh, plaintiffs' agents. "I left the key with Mr. Merri-

man (in the agents' office). When I handed him the key I told him. I had moved out of the premises. . . . The key I handed him was the key to the front door. There was no key to the back door. I had dealt with Burnham & Marsh before as the agents of the plaintiffs. It was that fact that took me back again, and that caused me on that occasion to go there and give up the key to Mr. Merriman. I may have told Mr. Merriman that the business was not paying me and that therefore I moved out. After I gave the key to Mr. Merriman I never asked for it back. I never went after that." He testified that he never asked the plaintiffs or either of them for the key and never told them that he wanted possession again; that he had no further use for the premises and did not want to be liable for further rent and took that means of relieving himself. It appeared that Badt passed the premises after plaintiffs took possession and saw them taking down a partition and some shelving. He did not then object or make any inquiry as to why plaintiffs were in possession.

Boschetti, one of the plaintiffs, testified that he removed a partition in the rear of the store-room, took down some shelving and loosened the counter from the floor; that "those fixtures are lying there now. Mr. Badt never asked me to give him those fixtures. I never withheld them from him and nobody ever asked me for them." There is some conflict as to Badt's intention after moving out and there was some evidence tending to show that he made an effort to rent the premises, thus negativing the idea of an abandonment of the lease or surrender of possession. We think, however, there was sufficient evidence to justify the finding of the trial court. Upon the surrender of the key and abandonment of the premises plaintiffs had a right to take possession and thus manifest their acceptance of the surrender. (*Welcome* v. *Hess,* 90 Cal. 507, [25 Am. St. Rep. 145, 27 Pac. 369] ; *Adams* v. *Weaver,* 117 Cal. 47, [48 Pac. 972].) *McAlester* v. *Landers,* 70 Cal. 79, 84, [11 Pac. 505], cited by appellant, was a case of undisputed eviction and took place prior to default in payment of rent for which the guarantor was sued. The point there was that, because the lessee could recoup his damages from the unpaid rent, the lessor's rights against him were thus so impaired as to release the guarantor, but the case does not apply here: first, because there was no eviction and, second, the alleged eviction

took place after the liability had accrued for which the action was brought. Releasing the lessor from liability for future rent did not affect the lessee's liability for rent already accrued. (*Boyd* v. *Gore,* 143 Wis. 531, [21 Ann. Cas. 1263, 128 N. W. 68].) The facts do not show exoneration of the guarantors under section 2819 of the Civil Code, for there was no act of the lessors altering the obligation of the lessee, or in any way impairing or suspending the rights of the lessors against the lessee. Respondents cite *American Bonding Co.* v. *Pueblo Investment Co.,* 150 Fed. 17, 31, [10 Ann. Cas. 357, 9 L. R. A. (N. S.) 557, 80 C. C. A. 97], to the proposition that even an eviction could not impair a matured obligation of the lessee and hence could not discharge the guarantors to make good on such an obligation. The case cited appears fully to sustain this contention. It is not necessary to rest the decision upon this proposition. Where a tenant, not under compulsion but voluntarily, gives up the premises and the landlord accepts the abandonment, there can be no eviction. (24 Cyc. 1130.)

5. It is urged that because defendant Morton had no notice of the action of the lessors the guarantors had no opportunity to re-let the property or to take other steps to recoup their loss. This contention is based on Morton's second defense that his principal, Badt, was ousted by plaintiffs and such ouster released the guarantors under section 2819 of the Civil Code. As already stated, there having been no ouster, this section and the cases cited cannot avail appellant. Furthermore, the guaranty expressly provides that the guarantors, on the failure of the lessee to pay his rent, "will forthwith pay unto them (the lessors) without previous demand on us all rents accrued and all damages incurred by reason of such failure, including attorney's fees."

6. The foregoing is sufficient also to answer appellant's contentions in support of his appeal from the order denying a new trial.

7. It is further urged that the complaint fails to state a cause of action and the demurrer thereto should have been sustained, because it failed to state whether the plaintiffs notified defendant, Morton, within a reasonable time, that default had been made in the payment of rent. Section 2807 of the Civil Code would seem a sufficient answer. "A guarantor of payment of performance is liable to the guarantee immediately

upon the default of the principal, and without demand or notice.'' When the guaranty is of a conditional obligation the guarantor's ''liability is commensurate with that of the principal, and he is not entitled to notice of the default of the principal, unless he is unable, by the exercise of reasonable diligence, to acquire information of such default, and the creditor had actual notice thereof.'' (Civ. Code, sec. 2808.) As was said in *American Bonding Co.* v. *Pueblo Investment Co.*, 150 Fed. 17, [10 Ann. Cas. 357, 9 L. R. A. (N. S.) 557, 80 C. C. A. 97]. ''The contract of suretyship is not that the obligee will see that the principal pays his debt or fulfills his contract, but that the surety will see that the principal pays or performs.'' We have already shown that by the terms of the guaranty the guarantors were not entitled to notice of the lessee's default.

We discover no points made in intervener's brief not covered in considering the appeal of defendant Morton. Both Badt and Morton rely upon substantially the same alleged errors.

The judgment and order are affirmed.

Hart, J, and Burnett, J., concurred.