[No. B019703. Second Dist., Div. Six. May 6, 1987.]

BARALAT DEVELOPMENT COMPANY, Plaintiff and Respondent, v. BURTON LICHTER, Defendant and Appellant.

934

**Counsel**

Robert W. Schroeder and Cohen, England & Whitfield for Defendant and Appellant.

Manfredi & Levine and Craig K. Anderson for Plaintiff and Respondent.

## Opinion

**ABBE, J.**—Burton Lichter (Lichter) appeals from a judgment against him after a nonjury trial awarding Baralat Development Company (Baralat) $26,074.92 together with $4,488.25 attorneys' fees and costs. We affirm.

### FACTS

On or about April 30, 1979, Baralat leased certain commercial premises in Thousand Oaks to Conejo-Pacific, Ltd. (Conejo-Pacific), a California corporation. The initial term of the lease was for five years with two options exercisable by the lessee to extend the lease for an additional five years each. One of these options was exercised.

The lease was executed on behalf of Conejo-Pacific by Lichter and Jerald Fogel (Fogel) who were officers and shareholders of the corporation. Below their signatures as officers of the corporation, Lichter and Fogel signed their names individually after the word "guarantor." The parties did not enter into any separate surety agreement.

In June of 1984 Lichter sold his interest in Conejo-Pacific to Fogel. Shortly thereafter Lichter requested Baralat to release him from his obligations under the lease, but Baralat refused to do so.

In the fall of 1984 Conejo-Pacific became delinquent in its rental payments. Lichter was unaware of the delinquency and received no demand or notice until Baralat made a demand in April of 1985. By that time there was due in excess of $12,000 rent plus attorneys' fees and costs. From the time of the sale to Fogel in June of 1984 until Baralat's demand in April of 1985, Lichter made no attempt to ascertain the status of the rental payments, even though the trial court found the information was readily available.

Conejo-Pacific was still in possession of the premises on April 25, 1985, when Baralat commenced an action against Lichter, Fogel and Conejo-Pacific for rent and attorneys' fees. When Conejo-Pacific filed for bankruptcy, Baralat's litigation proceeded against Lichter and Fogel individually as guarantors of the lease.

After a court trial judgment was rendered in favor of Baralat, and Lichter appeals.

### DISCUSSION

Lichter contends that because Baralat failed to notify him of Conejo-Pacific's default within a reasonable time, Baralat is estopped from

recovering on the guaranty. Lichter admits that there is no express provision for notice in the guaranty, but argues that one should be implied. We disagree.

Lichter's contention runs counter to Civil Code section 2807. That section provides: "A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and without demand or notice."

The meaning of the statute is that no notice of default is required in the absence of an agreement to the contrary where, as here, the guaranty is unconditional. (See *Boschetti* v. *Morton* (1913) 23 Cal.App. 325, 332-333 [137 P. 1085].) Moreover, our Supreme Court has, without reference to the statute, stated in dictum that the guarantor of a lease is not entitled to notice of the tenant's default. (*Davenport* v. *Stratton* (1944) 24 Cal.2d 232, 244 [149 P.2d 4].)

Even where the guaranty is conditional Civil Code section 2808 provides that the surety ". . . is not entitled to notice of the default of the principal, unless he is unable, by the exercise of reasonable diligence, to acquire information of such default . . . ." If notice to the surety is not required in a conditional guaranty, it follows with greater reason that notice is not required where the guaranty is unconditional, and section 2807 so provides.

Lichter argues that notice of the tenant's default is required in order for the guarantor to take advantage of the protections provided in Civil Code sections 2845 and 2846. We disagree.

Section 2845 provides that "[a] surety may require the creditor . . . to proceed against the principal, or to pursue any other remedy in the creditor's power which the surety cannot pursue, and which would lighten the surety's burden . . . ." Section 2846 provides that "[a] surety may compel his principal to perform the obligation when due."

Civil Code sections 2807 and 2808 place the primary burden on the surety to discover whether a default has occurred. Once the surety has discovered the default, he may take advantage of the protections afforded by the code. No notice from the creditor is necessary. In the instant case the trial court found that Lichter did nothing to discover whether his principal was in default, even though the information was readily available.

If Lichter had wanted notice of the tenant's default, he could have included an express provision to that effect in his agreement with Baralat. In the

absence of such an express provision we refuse to imply one under the circumstances presented here.

That is not to say that an agreement to give notice of default will never be implied. Where the particular wording of the guaranty or other facts and circumstances clearly indicate that the parties intended to require the creditor to give notice, such a provision might be implied. In the instant case there is nothing in the wording of the lease or guaranty that would require such an implication, and the record is devoid of any other facts and circumstances particular to this case which would lead us to conclude that the parties intended Baralat to give notice of default to Lichter.

To imply a requirement of notice under these circumstances would be to ignore the intention of the Legislature as expressed in Civil Code sections 2807 and 2808 that the surety is not entitled to notice.

Lichter's reliance on *Blackhawk Heating & Plumbing Co., Inc.* v. *Seaboard Sur. Co.* (N.D.Ill. 1982) 534 F.Supp. 309, is misplaced. *Blackhawk* was decided under Illinois law without reference to statutes similar to California Civil Code sections 2807 and 2808.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.