[No. 9159.    Department Two. — June 29, 1886.]

## WILLIAM F. McALESTER, Appellant, v. JOHN LANDERS, Defendant, and THE CALIFORNIA BRICK COMPANY, Intervenor, Respondents.

Lease — Quiet Enjoyment — Covenant of Title and Right to Convey — Breach of. — A lease with an express covenant for quiet enjoyment implies a covenant that the lessor has title to the property leased, and power and right to convey it; and such implied covenant is immediately broken if the lessor has made a prior lease of part of the demised premises, which is still outstanding when the subsequent lease is executed.

Id. — Eviction — Dispossession not Necessary. — A covenant for quiet enjoyment in a lease is not broken without an eviction of the lessee, either actual or constructive. To constitute an eviction, the lessee need not be actually dispossessed.

Id. — Recovery in Trespass against Lessee. — A recovery in an action of trespass brought by a prior lessee against a subsequent lessee of the same land is a sufficient eviction to constitute a breach of the covenant for quiet enjoyment contained in the subsequent lease, although the action was not commenced until after the expiration of the prior lease.

Id. — Measure of Damages. — In such a case, the detriment caused by the breach of the covenant cannot be less than the amount of the judgment for damages and costs recovered against the covenantee.

Id. — Action for Rent — Lessee may Recoup Damages — Counterclaim. — When damages have been sustained by a lessee on account of the breach of a covenant in the lease by the lessor, if an action for rent is brought, the lessee may elect to recoup his damages from the rent, or bring a separate action therefor; and the fact that the lessee has paid the rent for the greater part of the term will not deprive him of the right to recover his damages for the entire term by way of counterclaim.

Id. — Payment of Rent — Exoneration of Guarantor. — A guarantor for the payment of the rent reserved in a lease is exonerated from liability on his guaranty if the lessor has, by the breach of a covenant in the lease, caused damages to the lessee equal to the amount of the rent.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Dunne & Davidson*, and *Robert L. Behre*, for Appellant.

*Robinson, Olney & Byrne*, for Defendant and Respondent.

*William Reade*, for Intervenor and Respondents.

Belcher, C. C.—The facts out of which this case arose are as follows:—

In August, 1870, the plaintiff leased to P. M. Darcy and Edward Naughton a tract of 515 acres of land, situate in Marin County, for a dairy and stock ranch. The lease was for a term of five years, with a privilege of two months' extension, and it remained in full force during the whole term named.

In October, 1874, the plaintiff leased to one Mosheimer, a tract of forty-five acres, which embraced twenty acres then leased to and in the possession of Darcy and Naughton, for the purpose of making bricks. The lease to Mosheimer was for a term of seven years, commencing October 10, 1874, and it contained a covenant that the lessee should and might peaceably and quietly have, hold, and enjoy the demised premises for the term aforesaid without molestation by, through, or under the act or acts of the lessor, his heirs or assigns. The rent reserved was nine hundred dollars for each six months of the term, payable in advance, on the 10th of October and April of each year.

Upon the twenty acres, covered by both leases, there were certain springs of water, which were essential to the first lessees for the purpose of watering their stock, and absolutely essential to the second lessee for the purpose of making bricks.

Shortly after its execution, Mosheimer, with the written consent and approval of the plaintiff, assigned his lease to the California Brick Company, and the defendant Landers, in consideration of the assignment, and that the company should have and enjoy quiet and peaceable possession of the premises demised, executed a written guaranty to the plaintiff that the brick company would pay the rent reserved in the lease, and in default thereof he would pay the same.

In March, 1875, the California Brick Company, being ignorant of the lease to Darcy and Naughton, and the

twenty acres covered by both leases being apparently unoccupied by any one, entered upon the said twenty acres, and proceeded to construct buildings and build reservoirs, and to dig out and excavate the springs of water thereon, and to use the soil for the manufacture of bricks; and it continued thereafter in the possession and occupation thereof during the remainder of the term named in its lease.

In July, 1877, an action was commenced by Darcy against the plaintiff here, McAlester, and the California Brick Company, to recover damages for the entry by the company upon the premises leased as aforesaid to Darcy and Naughton, and taking possession of the springs of water thereon, and permitting its horses to enter thereon and upon other lands demised to them, between the thirty-first day of March, 1875, and the fifteenth day of October, 1875, the day of the expiration of their lease.

The plaintiff employed counsel, and defended the action in his own behalf and in behalf of the company, but such proceedings were had in it that in November, 1881, judgment was rendered in favor of Darcy and against the company for $2,000 damages and $318.80 costs, the principal element of damages proven at the trial being the exclusion of Darcy and Naughton and their cattle from the springs of water.

The company paid the rent due under its lease up to July 10, 1880, and thereafter refused to pay it, leaving unpaid at the expiration thereof the sum of $2,250, to recover which from the defendant on his guaranty this action was brought.

Upon these facts, the court below was of the opinion that there had been such a breach of the covenants, express and implied, in the lease under which the company held, as exonerated the defendant from liability on his guaranty.

Judgment was then entered in favor of the defendant

and the intervenor, and the plaintiff appealed, the case coming here on the judgment roll.

1. The lease to Mosheimer, in addition to the express covenant for quiet enjoyment, contained an implied covenant that the lessor had title to the property leased, and power and right to demise it.   (Rawle on Covenants for Title, 472.)

As the twenty acres on which the springs were situated had already been leased to Darcy and Naughton, and their lease was still outstanding and valid, the lessor had at that time no power to demise that part of the property, and his covenant was immediately broken.

2. As to the covenant for quiet enjoyment, the rule is that there can be no breach without an eviction, actual or constructive.   But what acts will constitute such an eviction it is often difficult to determine.   It is settled, however, that there need not be an actual dispossession.

It was so held in *McGary* v. *Hastings*, 39 Cal. 367.   In that case the plaintiff purchased with a covenant for quiet enjoyment, and went into possession of a parcel of land which was a portion of a supposed Mexican grant.   The grant was afterward rejected, and the plaintiff then, under an act of Congress which he assisted in getting passed, bought the government title.   This was held to be an eviction.

In *Loomis* v. *Bedell*, 11 N. H. 74, a prior conveyance had been made by the covenantor.   Upon the death of the prior grantee, the land was sold by his administrator at public auction, and purchased by the plaintiff, and it was held that these facts constituted an eviction.

In *Dyett* v. *Pendleton*, 8 Cow. 727, a majority of the court allowed the tenant to regard as an act of ouster from a tenement which he hired, consisting of part of a dwelling-house, the suffering of prostitutes openly to occupy the other part of the house.   In *Lewis* v. *Payne*, 4 Wend. 428, the court, referring to *Dyett* v. *Pendleton*, *supra*, say: "It seems to be held that any obstruction by

the landlord to the beneficial enjoyment of the demised premises, or a diminution of the consideration of the contract by the acts of the landlord, amounts to a constructive eviction." In *Williams* v. *Shaw*, Law Repos. and Term Rep. 630, the Supreme Court of North Carolina held that there was a breach of the covenant for quiet enjoyment when one claiming a superior title obtained a judgment for damages in an action of trespass *quare clausum fregit* against the covenantee. Taylor, C. J., said: "It is wholly immaterial whether the eviction is effected by legal process or by private disturbance or molestation. But if a legal recovery were necessary, I should not hesitate in considering the judgment in an action of trespass *quare clausum fregit* as effectual for that purpose." Daniel, J., said: "The land being woodland, and no one in actual possession, the possession then followed the title, and that the court and jury said was in McKetham. This is equivalent to an eviction under legal process." Ruffin, J., said: "I am of opinion that the recovery in the action of trespass against the plaintiff, as set forth in the declaration, is such a disturbance of his possession as will form a breach of the defendant's covenant for quiet possession. In that respect, it is tantamount to an actual eviction."

The ruling in that case we think in point, and it should be followed here. It is true, the action of trespass involved in this case was not commenced till after the expiration of the Darcy and Naughton lease, and judgment in it was not recovered till the expiration of the Mosheimer lease; still, the judgment must be held to have related back to the commencement of the action, and to have operated to disturb the company's possession during the whole time the action was pending.

3. The detriment caused by the breach of the plaintiff's covenants cannot be less than the amount of the judgment for damages and costs recovered against the covenantee. That amount may properly be classed as

"expenses properly incurred by the covenantee in defending his possession." (Civ. Code, sec. 3304.)

4. When damages have been sustained by a lessee by a breach of the lessor's covenant, if an action for rent is brought, the lessee may recoup his damages from the rent, or at his election he may bring a separate action for the recovery of the damages. (*Kelsey* v. *Ward*, 38 N. Y. 83.)

And the fact that the lessee has paid the rent for the greater part of the term will not deprive him of the right to counterclaim his damages for the entire term. (*Cook* v. *Soule*, 56 N. Y. 420.)

5. Under the code, "a guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended." (Civ. Code, sec. 2819.)·

As the brick company had a right to recoup its damages to the full amount of rent claimed by plaintiff, and as it appeared and by its complaint in intervention set up that right, it is clear, we think, that the plaintiff's rights against the company were impaired, and the case is brought within the provisions of the above-quoted section.

In our opinion, the court below did not err in holding that the defendant was exonerated from liability on his guaranty, and the judgment should be affirmed.

Searls, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.