Thomson, P. J.
Suit for unlawful detainer. The complaint alleged a letting from month to month, a notice to quit, served ten days before the expiration of the month, and a refusal to vacate. The answer alleged a five years’ lease, which had not expired. The contract was verbal. W. G. Fullerton, the plaintiff’s agent, testified that when he rented the premises to the defendant, the latter requested a lease for three years, but the witness refused him a lease at all except from month to month; and that thereupon the defendant went into possession of the premises, and paid the rent monthly. The defendant *74 testified that Fullerton refused him a lease for five years, but assured him that if he paid his rent, he could have the premises as long as the plaintiff owned the property and he (Fullerton) was the plaintiff’s agent, and that upon that understanding he took possession.
The court instructed the jury that a tenancy for an indefinite or uncertain time, is, when created by express agreement between the parties, for the purpose of a notice to quit, deemed to be a tenancy from year to year, and that to terminate such a lease, a notice of three months is necessary. The jury were also instructed that although they might believe from the evidence that the lease was a verbal lease for • three or five years, and therefore void, yet fbr the purpose of a notice to quit, it was a lease from year to year, and that to terminate the tenancy, three months’ notice was necessary. Neither of these instructions should have been given. The evidence is conclusive that there was no lease for three or five years, or for any specified term, and it is equally conclusive that the rent reserved was payable monthly. The tenancy was therefore a tenancy from month to month, and determinable by a notice of ten days. Hurd v. Whitsett, 4 Colo. 77; Mills’ Ann. Stats, sec. 1976. The evidence was disregarded in both instructions, and however correct they might be if there were any facts to which they would apply, in assuming, hypothetically, conditions which had no existence, they were fatally erroneous. Fisk v. Electric Light Co., 3 Colo. App. 319.
Upon the evidence. the plaintiff was entitled to a verdict, and the verdict rendered cannot be accounted for, except on the supposition that the jury were misled by the court.
Let the judgment be reversed.

Reversed.