M. H. BEARDSLEY, RESPONDENT *v.* S. W. MOR-
RISON AND L. D. KINNEY, APPELLANTS.

LEASE — COVENANT FOR IMPROVEMENTS — LESSEE'S RIGHTS UPON
REFUSAL OF LESSOR—PURCHASE OF MATERIAL—WHEN PAYMENT
OF RENT — CASE AT LAW — VERDICT WHEN CONCLUSIVE — PLEA
OF FORMER SUIT PENDING—HOW MADE.

*Lease—Covenant for Improvements—Lessee's Right Upon Refusal of
Lessor.*

Where a lease of premises contains a covenant binding the
lessor to make certain improvements, and he refuses, after
notice from the lessee, to make such improvements, the lessee
may make the same and charge the reasonable value thereof
against the rent.

*Purchase of Material—When Payment of Rent.*

Under such circumstances the purchase and placing by the
lessee, upon the premises, of lumber in value equal to the
amount of a month's rent, with the intention of making the
improvements himself, is a sufficient payment to prevent the
forfeiture of the lease.

*Case at Law—Verdict When Conclusive.*

In a case at law the verdict of the jury is conclusive as to facts,
there being some evidence to support it.

*Plea of Former Suit Pending—How Made.*

A plea of former suit pending, being a plea in abatement, must
allege clearly that the same matters are in issue in both suits,
in order to permit the introduction of evidence of the former
suit in abatement of the latter.

( Decided February 25, 1899. )

Appeal from the 3d District Court, Salt Lake County,
Hon. A. N. Cherry, *Judge.*

Action by plaintiff against defendants to recover dam-

.ages for unlawful and forcible ouster and for consequen-
tial damage.   From a verdict and judgment in favor of
plaintiff defendants appeal.   *Affirmed.*

*J. M. Bowman, Esq.*, for appellant.

Plaintiff contends that he was forcibly ejected from the
premises.   We submit in all candor that there is not a
particle of evidence to sustain such a proposition.   We
cite *Brooks* v. *Warren*, 5 Utah, 122, where this court has
defined forcible entry; also 28 Cal. 202–33.

*Messrs. Dey & Street* and *W. H. Bramel, Esq.*, for
respondent.

Six of the errors assigned pertain to the insufficiency of
evidence to support the verdict.   Such assignments can-
not be considered in this appeal.   This is an action at
law for damages.   The case was tried before a jury.
Questions pertaining to the sufficiency of the evidence to
support the verdict are not open for review in this court.
Const. of Utah, Sec. 9, Art. 8; *Nelson* v. *S. P. Co.*, 15
Utah, 325; *Mader* v. *Taylor*, 15 Utah, 161; *Walley* v.
*Bank*, 14 Utah, 305.

The evidence will not be examined unless the abstract
affirmatively shows that it contains all the evidence or the
substance of all the evidence touching the points at issue.
*White Pine Co.* v. *Herrick*, 10 Pac. 215; *Atterbury* v.
*Ry. Co.*, 22 Pac. 527; *State* v. *Foreline*, 37 Pac. 997;
*Cochrane* v. *Bussche*, 7 Utah 233; *Woods* v. *Courteney*,
17 Pac. 745; *Mandlebaum* v. *Liebes*, 28 Pac. 1040;
*Siebe* v. *Joshua Hendy Co.*, 25 Pac. 14 (Cal.); *York* v.
*Portenbury*, 25 Pac. 163; *Hoopes* v. *Buford*, 26 Pac. 34;
*Roy* v. *Merc. Co.*, 26 Pac. 996; *Cullum* v. *Paul*, 8 Pac.
187; 2 Enc. P. & P. 441, 443 and notes.

It is well settled that where a lease binds the lessor to make improvements or repairs and the lessor refuses so to do, the lessee may make such improvements or repairs and set off the value of the same against the rent. Such expense operates as a payment of the rent. *Westermeir* v. *Street*, 21 La. Ann. 714; *Myers* v. *Burns*, 35 N. Y. 269; *Wolf* v. *Arnot*, 109 Pa. St. 473; *Cooke* v. *Soule*, 56 N. Y. 420; *Ecke* v. *Fitzer*, 65 Wis. 55; *Orton* v. *Noonan*, 30 Wis. 611.

In a plea of another action pending the answer must show clearly that the cause of action in the first suit and the relief sought are identical with the present suit. *Wilson* v. *St. Paul Ry. Co.*, 46 N. W. 909; *Larco* v. *Clements*, 36 Cal. 132; *Vance* v. *Olinger*, 27 Cal. 358; *Mann* v. *Rogers*, 35 Cal. 316; *Lawrence* v. *Sterns*, 79 Fed. 878, 882.

BARTCH, C. J.

This action was brought to recover damages for unlawful and forcible ouster and for consequential damages. It appears that the defendant, Kinney, owner of certain premises, known as the Everett Hotel, on September 11, 1893, leased the same to the plaintiff for one year from October 1, 1893, with the privilege on the part of the lessee to extend the lease for two years from October 1, 1894. By the terms of the lease, the lessee was to pay $25.00 per month up to January 1, 1894, and $50.00 per month thereafter. It was also provided in the lease that the lessor, within thirty days, after written notice from from the lessee so to do, should finish a certain addition to the hotel according to certain designated plans, and that upon the completion of the addition the rent should be $75.00 per month. Under the terms of the lease all rents were to be paid to defendant Morrison, and the instru-

ment contained a clause for re-entry into possession by the lessor, and sale of the effects of the lessee in case the rent was not paid as provided by the terms of the lease. The rent was payable in advance on the 10th day of each month, and delinquent in thirty days thereafter.

From the evidence it appears that the lessee took possession of the premises, and in January, 1894, the lessor assigned the lease to defendant Morrison. After January 1, 1894, the lessee elected to extend the lease as provided therein, and in February of the same year served notice in writing upon the lessor and his assignee to complete the addition to the hotel, but the addition was not completed. It appears the lessee paid the rent regularly to defendant Morrison, except for the month of May, which became due May 10, and, if not paid, delinquent on June 10, 1894. Instead of paying the rent for that month to Morrison, the lessee purchased lumber for the amount thereof, and hauled it to the premises for the purpose of completing the addition himself. On June 11, 1894, defendant Morrison forcibly ejected the lessee and took possession of the premises, including furniture and fixtures. Such are the material facts so far as we are able to glean them from the very imperfect record filed in this case.

At the trial the jury returned a verdict in favor of the plaintiff in the sum of $472.27, and upon judgment having been entered thereon, this appeal was prosecuted.

The first contention of appellant, which we will notice, is that the rent was not paid for the month of May, 1894, as required under the terms of the contract and that therefore respondent Morrison was authorized to take possession of the premises and declare a forfeiture of the lease. Under the terms of the lease, the lessor was bound to

build or complete the addition to the hotel, upon receiving thirty days' written notice to do so from the lessee. Such notice was given, but neither the lessor nor the assignee performed this part of the contract by finishing the addition. Their failure to do so gave the lessee the right to make the addition tenantable in accordance with the terms of the lease, and set off the expense against the rent. The assignee was mentioned in the instrument as the party to receive the rent, was aware of the terms of the contract, which he assumed, and is therefore in no better plight than the lessor himself. The making of the improvements having been refused by the landlord after notice from the tenant, the purchase of the lumber and placing of the same upon the premises, with the intention, on the part of the tenant, to make the improvements, as provided in the contract, constituted a sufficient payment of the rent for the month of May, 1894, to prevent a forfeiture of the lease, the lumber amounting in value to the rent, and therefore the tenant was not in default, and the assignee had no right to forcibly oust him of possession. Where a lease of premises contains a covenant binding the lessor to make certain improvements and repairs, and the lessor refuses to make such improvements and repairs, after notice from the lessee to do so, the lessee may make the same in accordance with the covenant, and charge the reasonable value thereof against the rent. 12 Am. & Eng. Enc. of Law 724–726, 748, 1005; *Hexter* v. *Knox*, 63 N. Y. 561; *Myers* v. *Burns*, 35 N. Y. 269; *Cook* v. *Soule*, 56 N. Y. 420; *Ecke* v. *Fetzer*, 65 Wis. 55; *Orton* v. *Noonan*, 30 Wis. 611; *Wolfe* v. *Arrott*, 109 Pa. St. 473; *Buck* v. *Rodgers*, 39 Ind. 222; *Wright* v. *Lattin*, 38 Ill. 293.

Appellant's contention that the lessee's agent voluntarily surrendered possession to the assignee, is not well taken.

There is evidence to show that, upon being refused posses-
sion by the agent, the assignee broke a window and a
piece off from the door, and then, being enabled to
open the door, took possession of the premises, and that
an employee of the assignee forcibly ejected the agent
from the house.

It is clear from the evidence that the taking of posses-
sion by the assignee was forcible, and, under the circum-
stances, unlawful. But this being a case at law, even if
we thought otherwise, still, as to this point, the verdict of
the jury would be conclusive, since there is evidence in
support of it.

Nor do we think the court erred in refusing to admit in
evidence the files in case No. 13726. There is no plea
which warrants the admission of those files. The answer
simply alleges, "that the plaintiff has an action pending
in the third district court against this defendant for the
purpose of recovering the possession of said premises."
This allegation shows that the action pending and referred
to was one for the recovery of possession of the premises—
an action of ejectment, while this action is one for dam-
ages. The two actions are not founded upon the same
cause of action, and therefore the former will not author-
ize the abatement of the latter. Where a party pleads a
former suit pending, in abatement of a second suit, he
should allege clearly that the cause of action of the first is
identical with that of the second—that the same matters
are in issue in both suits. *Wilson* v. *St. Paul, M. & M.
Ry. Co.*, 46 N. W. 909; *Vance* v. *Olinger*, 27 Cal. 358;
*Larco* v. *Clements*, 36 Cal. 132.

We have considered the other questions presented and
have found no ground for reversing the judgment.

It is therefore affirmed with costs.

BASKIN, J. and McCARTY, Dist. Judge concur.