CHARLES W. CAVES, APPELLEE, v. JOSEPH B. BARTEK, APPELLANT.

FILED DECEMBER 14, 1909.     No. 15,805.

1. Landlord and Tenant: FAILURE TO REPAIR: DAMAGES. In this action, in which damages are claimed for failure to repair plastering by a landlord whereby damage to bedding and clothing by mice was occasioned, the difference in the value of the articles damaged before and after the injury is not the proper measure of damages, and it was erroneous so to instruct the jury.

2. Chattel Mortgages: FAILURE TO RELEASE. A mortgagee cannot be mulcted in damages for failing to release a chattel mortgage when he in good faith disputes the validity of another claim, not connected with the obligation to secure which the mortgage was given, which it is sought to compel him to accept as a part payment of the amount due on the note, and which he refuses to allow.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*John H. Barry* and *Morning & Ledwith,* for appellant.

*C. M. Parker* and *George A. Adams, contra.*

LETTON, J.

This action was brought by a former tenant against his former landlord upon four causes of action. As to the first cause, the petition sets forth that at the time the plaintiff rented the farm the defendant represented the buildings to be in good repair, but that the dwelling was in such a defective condition that mice and rats came through broken places in the plastering and injured his household goods and wearing apparel, to his damage in the sum of $25. He also alleges certain items of work performed and money expended for defendant to the amount of $17.10, upon which he claims a balance due of $8.30. The second cause of action was taken from the jury by the court, and will not be noticed. The third

alleges that plaintiff executed a chattel mortgage to se-
cure the rent; that he fully paid the same, and requested
defendant to satisfy the mortgage on the first of March,
1905, but that defendant refused to release it until Sep-
tember 28, 1905; that plaintiff was thereby prevented
from selling his stock, and was compelled to buy feed
for the same during the intervening period, to his dam-
age in the sum of $60. The fourth cause of action is for
the $50 penalty provided by statute for the refusal of a.
mortgagee to release a chattel mortgage of record, on
payment and demand. The answer admits the lease and
the giving of the mortgage, denies the refusal to release
the mortgage, and sets up certain counterclaims. The
reply is a general denial. The jury found for plaintiff,
and assessed his recovery at $175, a sum in excess of the
amount sued for in the three causes of action submitted
to them. A motion for a new trial was filed. The court
required a remittitur of $50, and overruled the motion.

The jury were properly instructed as to liability for
repairs. Before the case was submitted, the defendant
made a motion to strike from the petition the claim of
damage to household goods by rats and mice. This mo-
tion was overruled, and exception taken. In its charge
the court instructed the jury: "In the event that you find
from the evidence, and under these instructions, for the
plaintiff under his allegations in his amended petition
touching damages to bedding and clothes by rats and
mice, and in the event you find for the defendant touch-
ing damages to hay by plaintiff's cattle, and other allega-
tions of a similar nature, you will allow the party injured
the difference between the fair market value of the arti-
cles in question immediately before and immediately af-
ter the damage so inflicted." Under the circumstances
of this case we think this was not the true measure of
damages for a failure to plaster. Assuming, as the jury
did, that plaintiff's account of this matter is true, it seems
that when he took possession under the lease the plaster-
ing in one room was in very bad condition, and in other

Caves v. Bartek.

parts of the house there were holes in it. When defendant first came to the place this condition was pointed out to him, and he told plaintiff to take the plastering off the room, wainscot it, get the plastering done, and take payment out of the rent. Plaintiff introduced a postal card from defendant in evidence, dated May 20, 1904, authorizing plaintiff to hire a plasterer, and deduct charges from the rent. He says that in June defendant told him that he would send a man to do this work, but that it was not done until October.

While the general rule is that the measure of damages upon the breach of an agreement by a landlord to make repairs is the difference between the rental value as the premises actually are and as they should have been according to the contract, still there are exceptions to this rule, and in this case, the agreement being made subsequent to the lease, and the premises being as they were, we think the plaintiff should have had the plastering done, and charged the defendant with the cost of it. It could not reasonably have been foreseen by the parties that, if the plastering was not promptly repaired, $25 worth of bedding and clothing would be destroyed by mice. Moreover, if mice were prevalent, it was the duty of the tenant, in any event, to try to guard against loss from this source by some means, and not to let the damage go on when it might presumably have been prevented by reasonable effort. A discussion of this topic may be found in 24 Cyc. 1097, in line with these views.

The complaint is also made that there is no competent evidence as to the damages set forth in the third cause of action, and that no instruction was given to guide the jury in measuring such damages. We have repeatedly held that a nondirection is not a misdirection, and will not usually work a reversal. If the defendant had requested such an instruction, in all probability the court would have given the same.

The other objections are more serious, and the same

36

apply to some extent to the fourth cause of action as well. The plaintiff's evidence shows that about two weeks before March 1, 1905, when the $200 note and mortgage became due, he sent to defendant a bill for $5.80 for work in connection with the plastering and wainscoting and for money paid. On March 1 plaintiff paid to the Oak Creek Valley Bank, to apply on the mortgage debt, a check for $191.20, and presented a bill against the defendant for $8.80 for the same items as in the former bill, with others. Bartek was not present, but when he was informed of these facts the claim of $8.80 was disputed by him, and he refused to allow credit for the same upon the note. The matter was left unsettled until September 11, when the parties met at Valparaiso, and at that time the claim of $8.80 was allowed. At that time defendant was again requested to release the chattel mortgage. A release was made out on September 25 and filed September 28. All the damages claimed in the third cause of action occurred prior to this time. It is clear that there was a controversy between the parties as to these items claimed by plaintiff, and other items claimed by defendant, all growing out of other transactions than the debt secured by the mortgage. A mortgagee cannot be mulcted in damages for failing to release a chattel mortgage when he in good faith disputes the validity of another claim, not connected with the obligation to secure which the mortgage was given, which it is sought to compel him to accept as a part payment of the amount due on the note, and which he refuses to allow. The clear weight of authority is that a mortgagee is not liable for a failure or refusal to release a mortgage when the right of the person demanding such release is a doubtful question. *Sullivan Savings Institution v. Sharp*, 2 Neb. (Unof.) 300; *Kronebusch v. Raumin*, 6 Dak. 243; *Parkes v. Parker*, 57 Mich. 57; *Huxford v. Eslow*, 53 Mich. 179. If such a dispute existed, no damages can be allowed for anything occurring prior to the time when the dispute was settled and the amount allowed as a credit.

As to the right to recover the statutory penalty, this depends upon what took place at the time the settlement was made, and upon this point we think the instruction of the court proper.

Considering the whole case, we think error occurred prejudicial to the defendant, and that a new trial should be had. The jury evidently were confused as to the issues, or they would not have rendered a verdict in excess of the amount claimed by plaintiff.

The judgment of the district court is

REVERSED.

REESE, C. J., not sitting.