## No. 28029

**Beverly Grace Johnston (formerly known as Beverly Grace Jensen) v. District Court in and for the County of Garfield, Ninth Judicial District, State of Colorado and Judson E. DeVilbiss, District Judge for said Court**

(580 P.2d 798)

Decided June 26, 1978.

Carol Van Pelt; Vranesh, Raisch and Schroeder, P.C., Wayne B. Schroeder, for petitioner.

Mincer and Hartert, Neil S. Mincer, Ronald M. Wilson, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Union Oil Company of California (here called the plaintiff) commenced a quiet title action in the respondent court against the petitioner and other defendants. A default was entered against the petitioner. The respondent court set aside the default on the condition that the petitioner pay the plaintiff's costs and attorney's fees incurred in connection with the proceedings to set aside the default in the amount of $6,116.16. The petitioner brought this original proceeding to be relieved from the condition of paying the costs and attorney's fees. We issued a rule to show cause why the requested relief should not be granted, and now discharge the rule.

The court found that personal service of the summons and complaint was made upon the petitioner in Colorado on September 21, 1977. The petitioner contends throughout that she was not served. She made no appearance and her default was entered on October 21, 1977. She filed a motion to vacate the default on December 2, 1977.

The hearing on the motion to vacate the default was conducted in several installments. At its conclusion, the court made the following statement:

"I am persuaded that service was in fact had and I am persuaded that the Defendant [petitioner] has displayed a lack of good faith and a lack of candor in dealing with the Court.

"Accordingly, I am going to allow the default — I am going to order that her default is set aside upon your representation that she need not be served again and she will promptly plead, and I am going to order that default be set aside upon her payment of costs to the Plaintiff for the expenses that they have incurred in prosecuting this matter and I'll allow the Plaintiffs to present to the Court evidence as to whatever costs it was that they incurred. Those are the terms that I deem just to allow the default to beset aside."

Of the sum of $16,116.16, $5,830.00 was for the plaintiff's attorney's fees and the balance was the plaintiff's costs. While the petitioner disagrees, the court found that the attorney's fees were reasonable.

C.R.C.P. 55(c) provides that the court may set aside an entry of default for good cause shown. Considering the finding that the petitioner was in fact personally served, the record is devoid of any facts supporting "good cause." The court did note that, since the plaintiff must try the case as to the other two defendants, there would not be any substantial burden on it if the petitioner were also allowed to defend. This thought of the court, obviously could not be the basis for "good cause." If we were in the shoes of the respondent court, we would have denied the motion to vacate the default because good cause was not shown. However, no contention of lack of good cause is presented in this original proceeding. The contention of the plaintiff is merely that it is entitled to $6,116.16 as a condition for the assertion of a defense by the petitioner.

We feel that we should not on our own motion make a finding of lack of good cause and that we must confine ourselves to the sole issue presented to us: Is the condition of payment of $6,116.16 proper?

C.R.C.P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." C.R.C.P. 60(b) provides that, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reason: (1) Mistake, inadvertence, surprise or excusable neglect. . . ." It is the intent of our Rules of Civil Procedure to

permit such terms as may be just in setting aside an entry of default.

■ We, therefore, have the question of whether the respondent court abused its discretion in determining that payment of the attorneys fees and costs was a just condition. Considering that the court determined that the petitioner's denial of service was, in effect, a bad faith action on her part, and that this denial of service and the subsquent hearings thereon were directly responsible for the plaintiff's costs and attorney's fees, we find no abuse of discretion.

At the time the court made the ruling quoted earlier in this opinion, there had been no showing as to the amount of the plaintiff's costs and attorney's fees incurred in connection with the setting aside of the default. Thereafter such a showing was made with the resultant conclusion that the costs and attorney's fees to be paid were in the amount of $6,116.16. The court then entered a judgment against the petitioner for this amount. It is apparent that the only effect that should to given to this judgment is that it fixes the amount to be paid by the petitioner as a condition of the assertion of her defenses in the quiet title action in the event that she elects to assert them.

■ This is not a case involving an award of attorney's fees in the usual sense. Here the court, under its inherent authority to administer justice fairly, merely has imposed a condition to the granting of the motion to set aside the default.

Rule discharged.

MR. JUSTICE KELLEY and MR. JUSTICE LEE dissent.

MR. JUSTICE HODGES does not participate.

MR. JUSTICE LEE dissenting:

I respectfully dissent. In my opinion, the district court has no authority to award attorney's fees in this case.

C.R.C.P. 55(c) provides that an entry of default may be set aside "[f]or good cause shown." The decision on whether to set aside an entry of default is committed to the sound discretion of the trial court. *Snow v. District Court,* 194 Colo. 335, 572 P.2d 475. C.R.C.P. 55 does not empower the court to set aside the entry of a default upon the condition that the moving party pay attorney's fees to the other party. The court has only two choices: If it finds good cause, it may vacate the entry of default, or, if it finds lack of good cause, it must deny the motion to set aside the default.

It is a fundamental principle of Colorado law that, absent statute, rule, or express contractual provision, a trial court has no authority to award attorney's fees to any party. *Publix Cab Co. v. Colorado National Bank of Denver,* 139 Colo. 205, 338 P.2d 702; *Collins v.*

*Shanahan,* 34 Colo. App. 82, 523 P.2d 999, *modified,* 189 Colo. 169, 539 P.2d 1261 (holding on attorney's fees is expressly affirmed). Nor can a court award attorney's fees as costs of litigation, even where "costs" are expressly permitted by statute or rule. *Leadville Water Co. v. Parkville Water District,* 164 Colo. 362, 436 P.2d 659; *Collins v. Shanahan, supra; Brakhage v. Georgetown Associates, Inc.,* 33 Colo. App. 385, 523 P.2d 145.

There is no provision in C.R.C.P. 55(c) which authorizes a trial court to award attorney's fees to the other party when it vacates an entry of default. This omission is significant because the Colorado Rules of Civil Procedure carefully and clearly define those limited situations in which attorney's fees may be awarded. For example, C.R.C.P. 11 provides that, if an attorney violates his duties to sign a pleading he files and to certify that he believes there is good ground to support it, the court may direct him to pay reasonable attorney's fees to the other party. C.R.C.P. 56(g) provides that, if a party presents a summary judgment affidavit "in bad faith or solely for the purpose of delay," reasonable attorney's fees may be awarded to the other party. C.R.C.P. 107(d) specifies that, if a person is found guilty of contempt of court, reasonable attorney's fees may be awarded. For further examples, *see* C.R.C.P. 16(d)(1); C.R.C.P. 30 (g)(2); C.R.C.P. 37(a)(3), (b)(2)(E), (c) and (d). Thus, it is clear that the power to award attorney's fees must be expressly given by the Colorado Rules of Civil Procedure, even when egregious conduct by a party or attorney is involved. A court may not imply this authority.

The majority has apparently concluded that C.R.C.P. 60(b) should be applied by a court when it vacates an entry of default. However, Rule 55 and Rule 60(b) are designed for completely different situations. Rule 60(b) relates to relief from a "final judgment, order, or proceeding" by reason of mistake, inadvertence, surprise, excusable neglect, fraud or other reasons, and has no application to situations where a judgment has not yet been entered. In the present case, the petitioner moved *before judgment* to set aside a default entered by the clerk of the court. As the majority concedes, Rule 55(c) is directly applicable and it makes no provision for attorney's fees to be attached by the trial court. Thus, Rule 60(b) should not have been consulted, even by analogy.

It is apparent that the district court's award of attorney's fees was prompted by what it described as a "lack of good faith and lack of candor" on the part of the petitioner. If the purpose of imposing attorney's fees as a condition to permitting petitioner to defend in the lawsuit here was punitive in nature, then the procedure followed was highly inappropriate. A court is possessed of ample powers to impose sanctions in a proper contempt proceeding when an attorney or a party misconducts himself by not complying with procedural requirements and thus interferes with the normal judicial processes.

6

For these reasons, I would make the rule absolute.

I am authorized to say that MR. JUSTICE KELLEY joins in this dissent.