GTM INVESTMENTS, a partnership, Plaintiff-Appellee,

v.

The DEPOT, INC., a corporation, Defendant-Appellant.

No. 83CA1204.

Colorado Court of Appeals, Div. II.

Oct. 18, 1984.

Rehearing Denied Nov. 23, 1984.

D. Wayne Brown, P.C., D. Wayne Brown, Breckenridge, for plaintiff-appellee.

Callan, Lass & Associates, P.C., David R. Lass, Breckenridge, for defendant-appellant.

BABCOCK, Judge.

In this action for recovery of possession of premises, for damages, and for past and future rent, defendant, The Depot, Inc. (tenant), appeals the summary judgments entered in favor of GTM Investments (landlord). We affirm.

In May 1983, landlord and tenant entered into a lease for commercial space located in the Breckenridge business district. The lease set out the rental amount and provided that it was payable monthly without any prior demand therefor and without any deductions or set-off whatsoever. The lease also provided that installation of any interior or exterior signs required prior approval of the landlord.

As to landlord's remedies upon default the lease stated:

"[I]n the event of failure of tenant to pay any rental ... due hereunder within ten days after the same shall be due ... then the landlord, besides other rights or remedies it may have, shall have the right to declare this lease terminated and the term ended and/or shall have the immediate right of reentry...."

. . . .

"Should Landlord elect to re-enter ... it may *either terminate this lease or it may from time to time, without terminating this Lease ... relet said premises....* Upon each such reletting all rentals and other sums received by Landlord from such reletting shall be applied, first, to the payment of [debt other than rent due Landlord; second, to costs and expenses of reletting; third, to past due rent] ... *and the residue, if any, shall be held by Landlord and applied in payment of future rent as the same may become due and payable hereunder.... No such re-entry or taking possession of said premises by Landlord shall be construed as an election on its part to terminate this Lease unless a written notice of such intention be given to Tenant or unless the termination thereof be decreed by a Court of competent jurisdiction."* (emphasis added)

Shortly after tenant occupied the premises a dispute arose between the parties regarding the placement of tenant's sign which resulted in tenant's refusal to pay the July and August rent. Landlord then served tenant with its demand for payment of rent or possession of the premises. Landlord did not then, and has not since, informed tenant that it intended to treat re-entry as a termination of the lease, nor has such termination been decreed by a court of competent jurisdiction. This action followed.

Upon separate motions by landlord, the trial court granted it summary judgment on the issue of possession and on the issue of damages, awarding it both past rent accrued and future rent due over the duration of the lease.

I.

Tenant first contends that the provisions of the lease governing the payment of rent and placement of signs are mutually dependent covenants, and thus, upon landlord's breach of the sign provisions of the lease, it was excused from its duty to pay rent. Therefore, tenant claims the trial court erred in granting partial summary judgment for possession of the premises. Landlord argues that the trial court was correct in entering summary judgment awarding it possession because tenant failed to contest its motion and show that material issues of fact remained to be resolved. We agree with landlord.

When a motion for summary judgment is submitted and supported by affidavit, an adverse party may not rest on the mere allegations of its pleadings, but must by affidavit or otherwise set forth specific facts showing that there is a genuine issue for trial. C.R.C.P. 56(e). Summary judgment, if appropriate, shall enter in favor of the moving party if there is no response to the motion. *McLaughlin v. Allen,* 689 P.2d 1169 (Colo.App.1984).

Here, landlord's motion was supported by affidavit establishing the terms of the lease and the failure of tenant to pay rent according to its terms. The burden then shifted to tenant to identify specific facts showing the matters in controversy. *Wasalco, Inc. v. El Paso County,* 689 P.2d 730 (Colo.App., 1984). Tenant failed to respond and do so by affidavit or otherwise.

Moreover, tenant's contention that the theory of covenant dependency governs construction of the lease was rejected in *Shanahan v. Collins,* 189 Colo. 169, 539 P.2d 1261 (1975). There it was held that principles governing the law of contract apply to construction of a lease. Construction of a contract is a question of law and where the meaning of an agreement is clear and unambiguous it must be enforced

as written. *People v. Johnson*, 618 P.2d 262 (Colo.1980).

 The lease here provides that rent shall be payable "without any deductions or set-off whatsoever." This language is plain, unambiguous, and must be enforced as written. *See People v. Johnson, supra.* Because there is no right of deduction or set-off to avoid default and forfeiture, tenant's remedy for breach, if any, of the sign provision must be asserted by complaint or counterclaim. *See Shanahan v. Collins, supra.* Therefore, the trial court did not err in ruling as a matter of law that tenant's breach of the rental provision constituted a default and forfeiture of its possessory interest.

### II.

Tenant next asserts that landlord elected the remedy of recovery of possession only of the premises by its service upon tenant of its notice and demand for payment or possession, thus, barring recovery of future rent. We disagree.

 The general rule is that a notice to pay or quit constitutes an election by the landlord to terminate the lease, unless the notice is rendered ineffective by tenant's payment of rent. *Aigner v. Cowell Sales Co.*, 660 P.2d 907 (Colo.1983). A lease provision for continuing liability for rent after tenant's vacation of the premises pursuant to notice must be strictly construed against the landlord. *Aigner v. Cowell Sales Co., supra.*

 Here, however, our interpretation of this lease agreement in its entirety, so as to give effect to the mutual intent of the parties, *see Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo., 1984), leads us to conclude that the parties have clearly and unambiguously expressed their intent that tenant remain liable for future rent. *Cf. Aigner v. Cowell Sales Co., supra.* Moreover, contrary to the facts in *Aigner*, here tenant did not unilaterally vacate or abandon the premises and landlord did not accept the premises as a surrender. Therefore, the trial court did not err in granting summary judgment in favor of landlord for future rent.

Judgment affirmed.

ENOCH, C.J., and SMITH, J., concur.